### In re HOLTZMAN.
#### No. 14699.

District Court, W. D. Pennsylvania.

Nov. 14, 1930.

H. J. Schlesinger and A. H. Kaufman, both of Pittsburgh, Pa., for petitioning creditors.

SCHOONMAKER, District Judge.

This case comes before the court on certificate to review the action of the referee in bankruptcy in allowing the claim of Grant Berkstresser, tax collector of the county, borough, and school taxes in the borough of Windber, Somerset county, Pa., for the years

1927, 1928, 1929, as a preferred claim entitled to payment out of the proceeds of the sale of bankrupt's real estate subject to these taxes, free and clear of liens.

Objection was filed to the allowance of this claim by the United States National Bank of Johnstown, for the reason that there was personal property on the premises sufficient to cover the amount of these taxes, had this personal property been sold by the tax collector on a tax warrant, and therefore the tax collector was not entitled to this tax as a prior tax claim. The referee overruled these objections, and allowed the tax claim as a claim entitled to priority of claim out of proceeds of sale of the taxed property.

 We are of the opinion that the referee ruled this case correctly. By the Pennsylvania Tax Act of May 16, 1923, P. L. 207 (53 PS §§ 2021–2061), all taxes thereafter lawfully imposed or assessed on any property in Pennsylvania become a first lien upon the property and entitled to priority in payment over the proceeds of any judicial sale of the property before all other liens and obligations, excepting only the cost of sale. By provisions of this act, section 9 (53 PS § 2029), a municipal claim for such taxes was required to be filed in the court of common pleas of the proper county on or before the last day of the third calendar year after that in which the taxes are first payable. In the instant case, bankruptcy intervened before it had been necessary under the provisions of this act to file any of the tax claims in the court of common pleas of Somerset county. Therefore, under the clear provisions of this act, at the time of the adjudication in bankruptcy in this case, these taxes were a first lien on the real estate of the bankrupt.

The exceptant claims, however, that the failure on the part of the tax collector to make these taxes out of the sale of the personal property on the taxed property by a distress warrant takes away the right of the tax collector to collect these taxes out of the proceeds of the sale in bankruptcy.

 We cannot so hold. The tax lien provided for in the act of 1923 is not dependent upon the failure of the tax collector to make the amount of taxes out of the personal property upon the premises. The fact that the personal property may be liable for this tax does not in any way affect the statutory lien given for the taxes. The right of the taxing municipality to the first lien is not affected by any dereliction in the duty on the part of the tax collector in getting tax out of personal property.

 Although not mentioned in the exceptions filed by the United States National Bank of Johnstown, it appears in the proceedings before the referee that there was some evidence that the tax duplicates placed in the hands of the collector by the taxing authorities of the county had been settled by the tax collector. The evidence that the tax collector may have settled these tax duplicates with the county would not change the status of the tax lien had these taxes not been paid. Beginning in the year 1923, and coming down to the last session of the Legislature in 1929, there are each session remedial acts passed by the Pennsylvania Legislature extending the time of tax warrants to tax collectors for the collection of taxes where warrants have expired at the time of the passage of these respective acts, so that at the time of filing the tax claim with the referee in bankruptcy in this case, the tax collector had a legal right to claim the taxes involved in this case. Then, too, in our opinion, these taxes might properly have been ordered paid by the referee in bankruptcy under the provisions of section 64 of the Bankruptcy Act (11 USCA § 104), awarding payment of taxes owing by the bankrupt to a municipality in advance of payments of dividends to creditors.

An order of the referee directing payment of these taxes as a preferred claim should therefore be approved.