## DUNN v. INTERSTATE BOND CO. et al.
### No. 6803.

Circuit Court of Appeals, Fifth Circuit.

Jan. 10, 1934.

C. C. Crockett, of Dublin, Ga., for appellant.

Walter W. Sheppard, U. S. Atty., of Savannah, Ga., and Ralph Williams, of Atlanta, Ga., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal to superintend and revise an interlocutory order of the District Court, under the provisions of section 24b of the Bankruptcy Act, as amended by the Act of May 27, 1926, § 9 (11 USCA § 47 (b).

The facts are stipulated, but the record is not as satisfactory as it might be. The following sufficiently appears: A petition in involuntary bankruptcy was filed against the Dublin Veneer Company, located at Dublin, Laurens county, Ga., on July 2, 1931, and receivers were appointed, with authority to conduct the business as a going concern. On January 16, 1932, the company was adjudicated bankrupt, and trustees were appointed and qualified. The receivers filed only one account, which showed cash in hand $2,701 and an indebtedness incurred by them and unpaid, for labor and materials, of $9,403.22. The details of this item are not shown. The receivers' account was not objected to, and was approved. The property of the bankrupt was then sold for $10,000. The Interstate Bond Company intervened as the holder of tax executions for state and county taxes, for the years 1928 and 1929. The state and county also intervened claiming taxes for 1930 and 1931, and the city of Dublin intervened for city taxes for the year 1931. The United States filed a claim for income taxes for the years 1927, 1928, and 1929, execution for which had been issued and properly recorded on March 20, 1931. Claims filed by employees of the bankrupt, for wages earned within three months prior to the filing of the petition for involuntary bankruptcy, amounted to $1,481, but these were subsequently increased. The receivers had incurred liability for fire insurance premiums on the property. The record is bare of details as to these two items. The receivers had failed to pay the wages of certain laborers in their employ. These laborers bought merchandise from appellant to the amount of the wages due them, and assigned their claims for wages to ap-

pellant. This amounted to $480. We assume the amount is included in the $9,403.22 above referred to.

The referee reduced the tax claims, but allowed a total of $5,745.41, allowed the claims due employees of the bankrupt to the amount of $1,421.10, approved the amount of expense incurred by the receivers of $9,-403.22, allowed the amount incurred for fire insurance premiums separately, did not pass upon the compensation of the receivers, their attorneys, attorneys for creditors, and the trustees and their attorneys, nor his own commissions. He then entered an order ranking the claims, giving priority to the claims to be paid in full in the following order: (a) Employees of the bankrupt; (b) fire insurance premiums; (c) taxes; and (d) costs and expenses of administration by the receivers.

Appellant petitioned for review of the referee's order, alleging error of the referee in not giving his claim and others of a similar character first preference as actual and necessary costs of preserving the estate subsequent to filing the petition for involuntary bankruptcy. The referee certified his order and the record to the District Court.

On a hearing before the District Judge, judgment was entered reversing the ruling of the referee as to the order in which the taxes above set out should be paid and decreeing that they should be paid in full as liens on the property of the bankrupt. The court declined to pass upon the question as to whether privileged employees of the bankrupt were entitled to preferential payment in full ahead of the creditors for the receiver for any amounts to be classed as "actual and necessary costs of preserving the estate" or "costs of administration" on the ground that no exception had been taken by these creditors to the ruling of the referee.

◼◼ Sections 64 and 67 (11 USCA §§ 104, 107) of the Bankruptcy Act must be construed together. The taxes had become valid liens on the property of the bankrupt before the adjudication under the laws of Georgia and the United States. The employees of the bankrupt were not entitled to a lien under the state law. The taxes secured by liens must be paid in full, under the provisions of section 67d (11 USCA § 107 (d) out of the proceeds of the property ahead of the creditors given preference by section 64. In re Brannon (C. C. A.) 62 F.(2d) 959. To that extent the judgment of the District Court was right, and it is affirmed.

◼ The District Court was in error in not passing upon that part of the referee's ruling ranking the preferences between the employees of the bankrupt and the costs of administration. The petition for review of the referee's order by the District Court filed by appellee recites that the order was excepted to, but that is immaterial, as the petition for review itself was an exception to the referee's ruling, and no other exception was needed. Furthermore, the referee had certified all the questions decided by him. These presented questions of law. The District Court had authority to review and decide these questions. It was his duty to do so. Baumhauer v. Austin (C. C. A.) 186 F. 260; In re Samuel Wilde's Sons (C. C. A.) 144 F. 972.

◼ Under the plain provisions of section 64, as originally adopted, down through all the amendments of the Bankruptcy Act, including that of May 27, 1926 (section 15), "actual and necessary cost of preserving the estate subsequent to filing the petition" and the "cost of administration" are ranked ahead of wages due employees of the bankrupt earned within three months before the date of the commencement of proceeding, not to exceed $600 to each claimant, and are to be paid in full. We are unable to determine from the record how much of the $9,403.22 owed by the receivers when the estate was turned over to the trustees should be properly classed as "actual and necessary cost of preserving the estate" or "cost of administration." It is evident that, if the entire $9,403.22 approved on the receivers' account is to be classed as one or the other, together with the compensation of the referee, receivers, trustees, and attorneys which are not therein included, there will not be enough to pay all of these preferred creditors in full. Therefore the recovery should be prorated on an equitable basis, keeping in mind the distinction between the "cost of preserving the estate," which has the first preference and the "cost of administration," which is ranked third. We express no opinion as to how the unpaid debts of the receivers are to be classed, including the claim of appellant, or whether any of them should be denied preferential payment. This is a matter to be decided by the District Court.

The judgment appealed from is affirmed so far as it directs the payment of taxes first, and in other respects it is reversed and remanded for further proceedings not inconsistent with this opinion, costs of appeal to be charged against the bankrupt estate.