## In re NEUSTADTL BREWING CORPORATION.

### No. 8848.

District Court, M. D. Pennsylvania.

Feb. 14, 1936.

C. R. Bensinger, of Stroudsburg, Pa., and F. J. Helriegel, of Scranton, Pa., trustees in bankruptcy.

Louis Greenblatt, of Philadelphia, Pa., for petitioner.

Welles, Mumford, Stark & McGrath, of Scranton, Pa., Eilenberger & Huffman, of Stroudsburg, Pa., Asher Seip, of Easton, Pa., and Chas. Grossman, of New York City, for respondent.

WATSON, District Judge.

This is a petition by Mid Realty Company for an order allowing to it the sum

of $6,208.47 for use and occupation of certain premises by the debtor and trustees of the debtor.

Three separate answers to the petition were filed. One of the trustees of the debtor filed an answer admitting liability to the extent of $2,857.50. The other trustee of the debtor filed an answer denying liability in any amount. The third answer, filed by a creditor, denied liability of the debtor. The matter was submitted to the court for decision on the petition and answers alone without supporting testimony.

The registered owner of the premises in question was Torvic Realty Company, which had mortgaged the same. Petitioner, Mid Realty Company, was the second mortgagee. It appeared the debtor, prior to the proceedings under section 77B, Bankr.Act (11 U.S.C.A. § 207), occupied the premises under a written lease which provided that the debtor was to pay to the lessor the carrying charges on the first and second mortgages, which included interest and taxes. The mortgagor defaulted on interest on the second mortgage on October 1, 1934, taxes for 1934, and interest on the first mortgage on February 9, 1935.

The premises in question were used and occupied by the debtor, under 77B of the Bankruptcy Act, from October 5, 1934, to January 7, 1935, and by the liquidating trustees of the debtor from January 7, 1935, until on or about April 20, 1935. It is for this period that the claim for use and occupation is made. By decree of court, all persons were enjoined from interfering with the possession of the debtor.

It appears that on or about April 20, 1935, the petitioner, by foreclosure sale, purchased the premises in question.

The petitioner avers that by reason of the default aforesaid, it became entitled to possession of the premises together with the "rents, issues and profits thereof" according to the terms of its mortgage, and that it is entitled to a reasonable allowance for use and occupation by the debtor, measured by the proportionate amount of interest on the mortgages and taxes for the period of occupancy. The petitioner further avers that on numerous occasions it requested the debtor and the trustees for the debtor to pay the rental or carrying charges but that payment was refused. This averment of fact is not denied.

It thus appears from the petition and answers that the debtor and the trustees of the debtor used and occupied the premises in question and that no compensation for that use and occupancy has been made. The owner or landlord is entitled to a reasonable rent for the use and occupancy by the trustees, such compensation being by way of an expense of administration. Remington on Bankruptcy (4th Ed.) §§ 2658, 2839. The only question here is whether the petitioner, the second mortgagee, can be considered as owner, the one entitled to the compensation.

If bankruptcy had not intervened, the mortgagee could have entered in possession and collected the rents. As between the mortgagor and the mortgagee, and those claiming through them, the mortgage is regarded as a conveyance of the land, and upon default by the mortgagor, the mortgagee may enter and collect the rents, where the lease was made after execution of the mortgage, and especially where the mortgage expressly conveyed the rents of the property to the mortgagee. Randal v. Jersey Mortgage Investment Co., 306 Pa. 1, 158 A. 865. The mortgagee would thus become the actual owner and landlord. But when bankruptcy intervened after the default, all persons were restrained from interfering with the property of the debtor, and the mortgagee could not enter into possession. It appears, however, that it did all it could under the circumstances by demanding the rental from the debtor and the trustees. Bankruptcy takes from the mortgagee the legal remedies which, but for bankruptcy, it might pursue, and in lieu thereof gives only such remedies as may be found in a court of bankruptcy in the equitable administration of the bankruptcy assets. Bankruptcy does not destroy the mortgagee's legal rights but preserves and enforces them in a new way. Bindseil v. Liberty Trust Co. (C.C.A.) 248 F. 112. If but for bankruptcy, the mortgagee would be entitled to collect the rents as owner due to the default of the mortgagor; after bankruptcy intervenes, his position will not be changed merely because he is restrained from taking possession. He, as owner and landlord, is entitled to a reasonable compensation for use and occupancy as part of the expense of administration, usually governed by the terms of the lease.

The only question remaining is, what compensation the petitioner is entitled to.

While the compensation for use and occupancy is a reasonable amount governed usually by the terms of the lease, where that is shown to be fair, the court in this case must determine the amount on the petition and answers alone, without supporting evidence. The petitioner avers that under the rate set forth in the lease, the interest on the mortgages and taxes in the amount of $6,208.47 for the period from October 5, 1934, to April 20, 1935, is a fair amount. Two of the answers deny liability entirely. The third answer in effect admits that $2,857.50 is a reasonable amount. The court, in considering the case, must find in the absence of proof that the amount admitted to be due is the only reasonable allowance for use and occupation.

Now, February 14, 1936, the rule to show cause granted August 9, 1935, is made absolute as to $2,857.50; the claim of the Mid Realty Company for use and occupancy is allowed in the amount of $2,857.50, which amount is to share in the cost of administration.