**In re HOWELL & KING CO., Inc.**

**No. 8732.**

District Court, M. D. Pennsylvania.

Nov. 17, 1936.

Charles Rozmarek, of Wilkes-Barre, Pa., for the Commonwealth of Pennsylvania.

R. Lawrence Coughlin, of Wilkes-Barre, Pa., for Luzerne County and General Motors Acceptance Corporation.

William H. Gillespie, of Pittston, Pa., for City of Pittston.

Leo W. White, of Pittston, Pa., for Directors of the Poor of Jenkins Township, Pittston City, and Pittston Township.

J. Justin Blewitt, of Pittston, Pa., for School District of City of Pittston.

W. L. Pace, of Pittston, Pa., for Miners Sav. Bank of Pittston.

C. Raymond Bensinger, of Stroudsburg, Pa., for the trustees.

David Rosenthal, of Wilkes-Barre, Pa., special master and referee.

JOHNSON, District Judge.

This is a petition to review an order of the referee dismissing exceptions to the trustees' account.

On June 30, 1934, the debtor, a brewing company, filed its petition for reorganization under section 77B of the Bankruptcy Act (11 U.S.C.A. § 207). The petition was approved and the case was referred generally to David Rosenthal, referee, as special master, and subsequently three permanent trustees were appointed to operate the business. Upon failure of the debtor to consummate a reorganization, the court adjudged it

a bankrupt, referred the case to David Rosenthal, referee in bankruptcy, and directed the trustees to liquidate and sell all the assets of the debtor for not less than $65,000, later reduced to $55,000; all of the liens to be transferred to the fund. The assets of. the debtor, being real estate and a small amount of personal property, were sold for the minimum price of $55,000 to H. J. Mahon, Esq., who represented the mortgage bondholders, hereinafter called mortgagees. Subsequently the trustees filed their account to which numerous exceptions were filed. The referee dismissed these exceptions, and petitions to review the action of the referee were filed with this court. Because of the inadequacy of the account, this court directed that a more detailed account be filed and that the referee file a supplemental report. A more detailed account was filed by the trustee to which exceptions were filed. The referee again dismissed the exceptions, and petitions to review this action of the referee were filed with this court.

Some question concerning the authority of the petitioners to file their petitions for review was raised. Proof of the authority to file the petitions has been satisfactorily shown.

All the exceptions and petitions to review relate to the relative rights of distribution under the Bankruptcy Act between lien claimants and priority claimants. The specific question is whether valid liens share in the proceeds of the sale prior to administrative expenses, wages, and taxes which are not liens.

■ Section 64b of the Bankruptcy Act (as amended, 11 U.S.C.A. § 104(b) provides for the order of payment of enumerated claims which are accorded priority out of the assets of a bankrupt estate and which are to be paid before dividends to common creditors. Section 64b has no reference whatever to valid lien debts, which by virtue of section 67d (11 U.S.C.A. § 107(d) cannot be affected by the Bankruptcy Act. Section 64b refers only to the distribution of the funds not subject to lien, among nonlien creditors, after the satisfaction of the valid liens referred to by section 67d. This construction of section 64b and section 67d of the Bankruptcy Act is clearly enunciated by the adjudicated cases. U. S. Fidelity & Guaranty Co. v. Sweeney (C.C.A.) 80 F. (2d) 235; In re Ivel Displays, Inc. (C.C.A.) 74 F.(2d) 702; Ingram v. Coos County (C.C.A.) 71 F.(2d) 889; Dunn v. Interstate Bond Co. et al. (C.C.A.) 68 F.(2d) 364; In re Brannon (C.C.A.) 62 F.(2d) 959; In re Cardwell (D.C.) 52 F.(2d) 158; In re Tresslar (D.C.) 20 F.(2d) 663; In re C. F. Rowe & Bros., Inc. (D.C.) 18 F.(2d) 658; In re Caswell Const. Co., Inc. (D.C.) 13 F.(2d) 667; In re Fahnestock Mfg. Co. (D.C.) 7 F.(2d) 777; In re Netter & Meyer (D.C.) 6 F.Supp. 918; In re Dublin Veneer Co. (D.C.) 1 F.Supp. 313; City of Richmond v. Bird, 249 U.S. 174, 39 S.Ct. 186, 63 L.Ed. 543; Lott v. Salsbury (C.C.A.) 237 F. 191. Accordingly all valid liens are to be paid before the nonlien claims accorded priority by section 64b.

■ The Pennsylvania state, county, and local taxes are made first liens under the laws of Pennsylvania, Act May 16, 1923, P. L. 207, § 2 (53 P.S.Pa. § 2022); Act June 15, 1911, P.L. 955, § 1, as amended (72 P.S. Pa. § 3342); Act April 9, 1929, P.L. 343, § 1401, as amended (72 P.S.Pa. § 1401), and are to paid first. In re Holtzman (D.C.) 48 F.(2d) 651. In accordance with the trustees' account and payments directed to be made since the filing thereof, the taxes in the following amounts are unpaid and directed to be paid first: Pittston School District, $8,189.57; Pittston City, $9,136.83; Jenkins Township Poor District, $1,388.21; County of Luzerne, $2,889.91; Commonwealth of Pennsylvania, $2,509.61. The tax due to the United States of America is not a lien, since notice of lien has not been filed in accordance with the Act of Congress May 29, 1928, c. 852, § 613, 45 Stat. 875 (26 U.S.C.A. § 1560 et seq.). This tax is a priority claim under section 64b (6), as amended (11 U.S.C.A. § 104(b) (6), City of Winston-Salem v. Powell Paving Co. (D.C.) 7 F.Supp. 424, but it cannot be paid because the fund for distribution will be exhausted by liens and administration costs and expenses before it is reached.

■■ The mortgagees of the debtor contend that rentals in the amount of $1,778.26 collected from part of the mortgaged premises by the trustees during the operation should be paid to them from the fund for distribution. The fund for distribution is derived from the $55,000 paid by the mortgagees in purchasing the debtor's assets. This sum was fixed by the court as the minimum sale price at the suggestion and request of the mortgagees, the contemplated purchasers. It was understood by the court and the parties that this sum was required and would be used to pay the costs of sale,

all valid tax liens and administration expenses. When the fund for distribution is used to pay the agreed items, which the mortgagees still contend should be paid, the fund for distribution is consumed as contemplated, and consequently there is no money with which to pay the claims of the mortgagees. Furthermore, it appears that the mortgagees took an active part in the continuation of the business which resulted in a benefit to them, the ultimate purchasers, since the value of the debtor as a going concern was maintained and the property was preserved. Such action subordinated may claim of the mortgagees to the cost of running the business and preserving the property. Remington on Bankruptcy, §§ 446, 2613, 2631, 2662; In re Veler (C.C.A.) 249 F. 633; Robinson v. Dickey (C.C.A.) 36 F.(2d) 147. One of the items in the account shows that during the operation of the business the trustees expended $1,481.71 on the building from which the $1,778.26 in rent was received. Finally, the mortgagees waived their claim by failing to demand the rentals or to make any effort to have the trustees pay or set the same aside. In re Neustadtl Brewing Corp. (D.C.) 13 F.Supp. 832. In view of all the circumstances of the case and their own act, the mortgagees are not entitled to recover this claim for rentals.

In accordance with the trustee's account, the court finds the following are administration expenses which were absolutely necessary to preserve the property and are directed to be paid in full: Frank Clarke, American Surety Company, $38; Frank Clarke, New York Casualty Company, $34.13; General Motors Acceptance Corporation, $214.26; Langford & Buss, trustees' bonds and fleet policy, $204.41; Lawrence & Adair, trustees' bonds, $300; M. Perrin Agency, Inc., balance on fire insurance, $278.57; Phillips & Stark, balance on fire insurance, $9.33. That the following are necessary administration costs incurred subsequent to the filing of the trustees' account and are directed to be paid: Langford & Buss, trustees' bond, two months, $33.32; Laurette McDonald, testimony, $24.60; Hugh J. Williams, testimony, $79.40; Veronica Vanya, testimony, $11.20; Llewellyn Bros., printing notices, $16.50; Wilkes Barre Record, advertising, $147.30. After payment of the above tax liens and administration expenses directed to be paid in full, the sum of $7,332.94 remains to be distributed as administration expenses to the remaining claimants.

The referee in his original report allowed as administration expenses the following fees in addition to the fees already received: Peter Noll, trustee, $5,000; C. Raymond Bensinger, trustee, $2,500; P. F. Joyce, trustee, $2,770; Carl Burke, attorney for debtor, $1,000; David Rosenthal, referee, $3,000; Earl Herbert, auditing and accounting, $759.67. Because the fund for distribution is insufficient to pay the liens and all the fees and expenses of administration allowed by the referee, the aforesaid fees allowed by the referee are reduced to the following sums and are directed to be paid as part of the costs of administration: Peter Noll, trustee, $3,000; C. Raymond Bensinger, trustee, $1,000; P. F. Joyce, trustee, $500; Carl Burke, attorney for debtor, $500; David Rosenthal, referee, $1,000; Earl Herbert, auditor and accountant, $500.

Considerable work was done by the aforesaid persons in connection with the various hearings and proceedings under section 77B of the Bankruptcy Act, including the operation of the business for about one year. While all of the trustees devoted much time and effort to the business operations, Peter Noll, one of the trustees, an experienced brewmaster, devoted all his time, efforts, and skill, not only to the making of beer, but also to the general operation of the business and his duties as trustee.

This leaves a balance of $832.94 which is awarded on the claim of the Fuel City Box Company as an administration expense. The wages in the amount of $4,681 are priority claims under section 64b (5) of the Bankruptcy Act (as amended, 11 U.S.C.A. § 104(b) (5), but the wage claims cannot be paid because the fund for distribution will be exhausted by the prior liens and the administration expenses.

The referee in his original report "allowed" $45 for costs incurred in taking an appeal by W. L. Pace, Esq., attorney for the mortgagees. The referee did not find that the claim was to be paid as part of the costs of administration nor is it listed in the account of the trustees under administration expenses approved but unpaid. No exception to the account was filed on this ground. Accordingly, this claim cannot be paid as part of the costs of administration.

And, now, November 17, 1936, the exceptions to the account of the trustee and the petitions to review the action of the referee are disposed of in accordance with this opinion, and the referee, David Rosenthal,

is directed to make distribution in accordance with the above opinion, first giving notice of this distribution to all claimants.