## In re SARATOGA PAINT CO., Inc.
### No. 37157.

District Court, E. D. New York.
Feb. 13, 1940.

Bernard H. Sherris, of New York City (Sol Charles Levine, of New York City, on the brief), and William C. Chanler, Corp. Counsel, of New York City, for petitioner.

Julius Zizmor, of Brooklyn, N. Y., for trustee, respondent.

ABRUZZO, District Judge.

An involuntary petition in bankruptcy was filed against the bankrupt on June 7, 1939. The bankrupt was duly adjudicated as such on June 17, 1939.

The trustee in bankruptcy and the City of New York have both claimed the sum of $591, which represents the proceeds of the sale of assets of the bankrupt. The City of New York claims to have a valid lien pursuant to Section 67, subs. b and c (clarifying and enlarging former Section 67, sub. d, of the Bankruptcy Act, 11 U.S. C.A. § 107, subs. b, c, d, and that its lien is prior to the liens of the trustee in bankruptcy. The taxes in question which represent the lien were levied under the New York City Retail Sales Tax Law.

On the 19th day of May, 1938, the bankrupt signed a consent assessment in the sum of $1,171 for taxes due and payable under the Sales Tax Laws. On the 6th day of December, 1938, a warrant was duly docketed in the Kings County Clerk's Office in the aforesaid sum pursuant to the New York State Enabling Act, Ch. 873, L. 1934.

On the 16th day of May, 1939, an officer of the Department of Finance, City of New York, executed the said warrant by duly levying upon the said property of the bankrupt pursuant to the authority invested in him by the Retail Sales Tax Law of the New York City Administrative Code, Ch. 41, as amended, by adding Title N, Section N41–11.0 of the Loc.Laws of 1938, p. 270.

The Referee found that the bankrupt was insolvent on December 6, 1938 and on May 16, 1939. The bankrupt continued in possession and control of its assets from December 6, 1938, until May 16, 1939. On this latter date, the City of New York entered the premises of the bankrupt and removed all its assets.

The Referee has held that the City of New York did not perfect its lien until it took possession of the assets of the bankrupt on May 16, 1939. He further held that the lien established on May 16, 1939, within one month of adjudication, is void under Section 67, sub. a(1), of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. a(1).

The City of New York, in support of its claim, cites Section 67 of the Bankruptcy Act, as amended June 22, 1938, 11 U.S.C.A. § 107, as follows:

"a. (1) Every lien against the property of a person obtained by attachment, judgment, levy, or other legal or equitable process or proceedings within four months before the filing of a petition in bankruptcy * * * shall be deemed null and void (a) if at the time when such lien was obtained such person was insolvent.

\* \* \* \* \* \*

"b. The provisions of section 96 of this title to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or of any State * * *, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy * * *."

The lien of the City of New York became specific on December 6, 1938. The Referee's decision indicates that on May 16, 1939, when the City made its levy, it could not affect property acquired after December 6, 1938. The authorities prove the Referee to be in error as pointed out in Re Ivel Displays, Inc., 2 Cir., 1935, 74 F.2d 702, 703; Dunn v. Interstate Bond Co., 5 Cir., 1934, 68 F.2d 364; Spokane County v. United States, 1929, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621.

The Referee's decision must therefore be reversed. He should have granted the motion made by the City of New York before him.

Settle order on notice.