MIDURBAN REALTY CORPORATION, Respondent, *v.* F. DEE
AND L. REALTY CORPORATION, Appellant.

Vendor and purchaser — real property — title — decedent's
estate — lien of transfer tax on real property of decedent —
title unmarketable until tax is paid — contract to convey real
property — transfer tax unfixed on date for closing — lien of
purchaser for amount paid on account of contract.

1. Real property belonging to the estate of a decedent not specifically
devised nor shown to have been sold for the purpose of administering
the estate or of raising funds to pay the transfer tax is subject to
the lien of such tax (Tax Law, § 222; Cons. Laws, ch. 60) and as long
as the tax remains unpaid the title thereto is unmarketable. (*Smith*
v. *Browning*, 225 N. Y. 358; *Warner* v. *Doscher*, 241 N. Y. 605, dis-
tinguished and explained.)

2. Where, therefore, defendant to whom such property had been
conveyed, contracted to sell it to plaintiff, the terms of the agreement
providing that defendant would convey a marketable title and that
all sums paid by plaintiff on account of the contract were to become
liens on the premises, and on the date of closing the tax was unfixed,
though more than enough to pay it had been deposited by the
executors, under the agreement between the parties the sum paid by
plaintiff on account of the contract became a lien on the premises.

*Midurban Realty Corp.* v. *F. D. & L. Realty Corp.*, 220 App. Div.
814, affirmed.

(Submitted December 15, 1927; decided February 14, 1928.)

APPEAL from a judgment of the Appellate Division
of the Supreme Court in the first judicial department,
entered July 12, 1927, affirming a judgment in favor of
plaintiff entered upon a decision of the court on trial at
Special Term.

*Alexander Pfeiffer, Louis H. Samuels* and *Benjamin
Weiss* for appellant. The transfer tax upon the estate
of Emily A. Watson was not a lien upon defendant's
property and not an objection to the taking of title.

(*Brown* v. *Lawrence Park Realty Co.,* 133 App. Div. 753; *Smith* v. *Browning,* 225 N. Y. 358; *Matter of Meyer,* 209 N. Y. 386; *Dodge* v. *Pond,* 23 N. Y. 69; *Powers* v. *Cassidy,* 79 N. Y. 602; *Lent* v. *Howard,* 89 N. Y. 169; *Nasha Holding Corp.* v. *Ridge Building Corp.,* 221 App. Div. 238.)

*Jay Leo Rothschild* and *Louis Rivkin* for respondent. An unfixed transfer tax is an incumbrance justifying the rejection of title on the ground that it is unmarketable, irrespective of what may be the purpose of the sale. (*Warner* v. *Doscher,* 213 App. Div. 117; 241 N. Y. 605; *Smith* v. *Browning,* 225 N. Y. 358; *Personeni* v. *Goodale,* 199 N. Y. 323; *Matter of City of Rochester,* 110 N. Y. 159; *Matter of Gantert,* 136 N. Y. 106; *Clift* v. *Moses,* 116 N. Y. 144; *Matter of Bingham,* 127 N. Y. 296; *Cunningham* v. *Parker,* 146 N. Y. 29.)

O'BRIEN, J.  The parties entered into a contract for the sale of real property known as No. 306 Fifth avenue in New York city.  The terms of the agreement provided that defendant would convey a marketable title and that all sums paid by plaintiff on account of the contract were to become liens on the premises.  When the contract was signed, plaintiff made a payment of $5,000, but later refused to take title and demanded the return of its deposit.  At the time appointed for completion of the sale, an unfixed transfer tax on the estate of Emily A. Watson, a former owner, constituted, as urged by plaintiff, a lien which rendered the property unmarketable. Judgment has been awarded in favor of plaintiff declaring the sum of $5,000 paid by it a lien upon the premises.

The estate of Miss Watson, who died February 1, 1924, amounted to more than twelve million dollars of which only two hundred and fifty thousand dollars was invested in realty.  About ten and a half millions was bequeathed in legacies.  The property at 306 Fifth avenue was appraised at $200,000, and, as part of the residuary

estate, was devised in trust to the United States Trust Company as trustee. It was conveyed on April 7, 1925, by the executors, upon whom the will conferred that power, to 712 Holding Corporation. This conveyance was valid. (*Crittenden* v. *Fairchild*, 41 N. Y. 289.) On the same day the property was conveyed by that corporation to defendant. The date for closing of title by the parties at bar had been appointed as June 30, 1925. At that time no transfer tax on the Watson estate had been fixed, but on July 28, 1924, in anticipation, $728,223.81 had been deposited by the executors. On July 1, 1925, the surrogate made an order assessing the tax and on December 11, 1925, made another reducing it as originally assessed. The second order finally fixed the tax at $722,274.79, and on January 29, 1926, the State refunded $5,949.02, the excess deposited on July 28, 1924, in anticipation of the assessment. The result is that on June 30, 1925, the date of closing, although the tax was then unfixed, more than enough to pay it had been deposited. The parties could not, however, know on that date whether the tax as finally fixed would exceed the deposit. Pursuant to section 222 of the Tax Law (Cons. Laws, ch. 60), the tax was due and payable as of the death of Miss Watson February 1, 1924. (*Matter of Penfold*, 216 N. Y. 163, 167.)

Section 224 of the Tax Law enacts that " Every such tax shall be and remain a lien upon the property transferred until paid," and makes, executors, administrators and trustees personally liable for the tax until its payment. The same section authorizes such representatives to sell property to enable them to pay the transfer tax. This provision obviously has no application here, because no evidence indicates that the sale of 306 Fifth avenue was effected for any such purpose. Section 224 includes additional directions to executors, administrators and trustees in relation to their duties respecting delivery of specific legacies and payment of the tax on such transfer.

These directions do not apply. No real property, except the homestead at White Plains, was specifically devised nor was any legacy charged upon or payable out of real property.

*Smith* v. *Browning* (225 N. Y. 358), cited by both parties, defines rules to control the ascertainment of a tax due upon the transfer of realty specifically devised and holds that the lien attaching to other property bequeathed and devised to the same individual, some of which was in money and some in property other than money, does not attach to the realty specifically devised. It decides that a tax accrues upon the appraised value of each separate interest into which the estate is divided and that a lien is imposed upon such separate interest. It does not decide that realty specifically devised is free from the lien of a tax. It holds the contrary. In *Warner* v. *Doscher* (241 N. Y. 605), also cited by both parties, the trial court disposed of the case upon the theory that existing tenancies constituted incumbrances and attached little importance to the fact that a transfer tax had remained unpaid. The Appellate Division affirmed that judgment upon the ground of the existence of tenancies. It placed its affirmance upon the additional ground that the unpaid transfer tax constitutes a lien. Our affirmance can be deemed to apply only to the incumbrance of the existing tenancies, the point of law concerning which the trial court and the Appellate Division were agreed. Nothing else was necessary for our decision and from our affirmance without opinion nothing else is necessarily inferable.

No. 306 Fifth avenue was not specifically devised. It formed part of the residuary estate. As such, it was part of the property transferred to the United States Trust Company. It was, therefore, subject to the lien of the tax provided for by the first sentence in section 224 of the Tax Law. Nothing would be gained by discussing the state of the law, if this property had been specifically

devised or was shown to have been sold for the purpose of administering the estate or of raising funds to pay the transfer tax. It was " property transferred " and, therefore, a transfer tax lien for some amount attached. As long as the tax remained unpaid, the realty was not marketable and under the agreement between the parties the sum paid by plaintiff on account of the contract became a lien on the premises.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN and KELLOGG, JJ., concur.

Judgment affirmed, etc.