MAURICE ENGELHARDT, Respondent, v. ALVINO REALTY Co., INC., Appellant.

Tax — franchise tax — real property — lien of unpaid franchise tax upon real property of corporation — sale of property by corporation with covenant against incumbrances — purchaser who thereafter paid tax entitled to recover from vendor amount paid.

Under section 197 of the Tax Law, as it read during the years from 1912 to 1919, the tax imposed by section 182 of that law upon a domestic corporation for the privilege of exercising its corporate franchise became payable, by the corporation, on or before the fifteenth day of January in each year and was made a lien upon its real and personal property until it was paid in full. The annual tax due from defendant, a domestic corporation, in each of those years and unpaid, therefore, became a lien upon its real property upon the fifteenth day of January in each year, notwithstanding that it had neglected, during those years, to make annual reports to the Tax Commission and that no account of the taxes due had been stated or served by the Commission, and, where it thereafter conveyed its real property, with a covenant that it was free from incumbrance, the purchaser upon payment of the taxes as subsequently stated by the Tax Commission, is entitled to recover the amount paid.

*Engelhardt* v. *Alvino Realty Co.*, 222 App. Div. 815, affirmed.

(Submitted May 10, 1928; decided May 29, 1928.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 16, 1928, in favor of plaintiff upon the submission of a controversy under sections 546–548 of the Civil Practice Act.

*I. J. Ginsberg* and *Frederick C. Lawyer* for appellant. An unaudited, unstated, undetermined, unascertained and unfixed franchise tax is not a lien on real property nor is such a tax a lien until a warrant shall have been issued to the sheriff of the county wherein such real property is situate and levied thereon after an account of such tax shall have been stated, even though the time limited for the payment of such tax, if due, shall have expired. (*Dowdney* v. *Mayor, etc.,* 54 N. Y. 186; *Kern* v. *Towsley,* 45 Barb. 150; *Manice* v. *Millen,* 26 Barb. 41; *Buckhout* v. *City of New York,* 176 N. Y. 363; *Lewis* v. *Petersen,* 241 N. Y. 268; *Wall* v. *Hess,* 232 N. Y. 472; *Coudert* v. *Huerstel,* 60 App. Div. 83; *New York Terminal Co.* v. *Gaus,* 204 N. Y. 512; *State* v. *United Jersey & Canal Co.,* 68 Atl. Rep. 796.) As the franchise taxes which were audited, stated and fixed and paid in 1926 were inchoate and unmatured when the deed was delivered to plaintiff by defendant in 1925, there was no breach of the covenant against incumbrances contained in said deed by reason thereof. (*Doonan* v. *Killilea,* 222 N. Y. 399; *Buckhout* v. *City of New York,* 176 N. Y. 363; *Lathers* v. *Keogh,* 109 N. Y. 583.)

*Douglas Newman* and *Clarence G. Bachrach* for respondent. The franchise tax is a lien whether or not a report has been filed. (*New York Terminal Co.* v. *Gans,* 204 N. Y. 512; *Feldman* v. *Barshay,* 246 N. Y. 130; *Rodgers* v. *Bertha Development Co., Inc.,* 214 App. Div. 822; 242 N. Y. 503.)

*Per Curiam.* The plaintiff is the owner of land conveyed to him by the defendant. The property had been

owned, during the years from 1912 to 1919, by a domestic corporation which, for the privilege of exercising its corporate franchises, was liable to pay an annual tax to the State. (Tax Law [Cons. Laws, ch. 60], sec. 182.) The corporation had neglected, during these years, to make annual reports to the Tax Commission, stating the condition of its business. Moreover, during these years, the Tax Commission had stated no account of the taxes due and had served upon the corporation no notice of the audit and statement òf a tax. It was then provided by the Tax Law as follows: " A tax imposed by section one hundred and eighty-two    *    *    *    shall be due and payable into the state treasury on or before the fifteenth day of January in each year." (Tax Law, sec. 197.) It was further provided: " Such tax shall be a lien upon and bind all the real and personal property of the corporation, joint-stock company or association liable to pay the same from the time when it is payable until the same is paid in full." (Id.) Thus, it was " a tax imposed by section one hundred and eighty-two," rather than a tax imposed by process taken under the provisions of the section, which became payable, by the corporation, on or before the fifteenth day of January in each year. Such being the case, the annual tax due and payable in each of the years from 1912 to 1919 became a lien upon the real estate of the corporation upon the fifteenth day of January in each year. Consequently, when the real estate in question was purchased by the plaintiff it was incumbered by liens for unpaid taxes. Therefore, when the plaintiff paid the taxes, subsequently stated by the Tax Commission, he became entitled to recover the disbursements, so made, from the defendant, which had covenanted that the premises were free from incumbrances.

The judgment should be affirmed, with costs.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgment affirmed.