NEW YORK *v.* MACLAY ET AL., RECEIVERS, ET AL.

No. 374.  Argued January 18, 19, 1933.—Decided February 6, 1933.

*Mr. Charles A. Schneider,* with whom *Messrs. John J.
Bennett, Jr.,* Attorney General of New York, and
*Robert P. Beyer* were on the brief, for petitioner.

*Solicitor General Thacher,* with whom *Assistant Attorney General Youngquist* and *Messrs. Whitney North Seymour, Sewall Key, Hayner N. Larson,* and *Wm. H. Riley, Jr.,* were on the brief, for the United States, respondent.

No appearance for Maclay et al., Receivers, respondents.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

The controversy is one between the United States and a state as to priority of payment out of the assets of an insolvent corporation.

Receivers of the corporation were appointed by a consent decree in January, 1927, and creditors were directed to file their claims. The decree had the effect of a general assignment. *Price* v. *United States,* 269 U. S. 492, 502. The United States filed with the receivers a claim for additional taxes in the sum of $33,663.97 due from the insolvent for the years 1917 and 1918, and also a claim for $516.46 expenses incurred in the replacement of a buoy run into by the insolvent's tug. The State of New York filed a claim for franchise taxes due for the years 1921 to 1925, but not assessed or liquidated till after the receivership. It filed another claim afterwards for taxes due for later years. The District Court held that under § 3466 of the Revised Statutes (31 U. S. Code, § 191), the debt owing to the United States had a preference over the debt owing to the state in the distribution of the fund. Upon appeal to the Circuit Court of Appeals for the second circuit, the decree was affirmed. 59 F (2d) 979. The case is here on certiorari.

The decision of this court in *County of Spokane* v. *United States,* 279 U. S. 80, upheld the power of Congress to give priority to debts due to the People of the United States, though the debts thereby subordinated were due to the People of a State, or its political subdivisions. To

that decision we adhere. The hardship to the state, if there is any, " is the necessary consequence of the supremacy of the laws of the United States on all subjects to which the legislative power of congress extends." Marshall, C. J., in *United States* v. *Fisher,* 2 Cranch 358, 396. Cf. *Florida* v. *Mellon,* 273 U. S. 12, 17.

The tax held to have been subordinated in the Spokane County suit was not a perfected lien upon the property of the insolvent at the date of the receivership. 279 U. S. 80, 93, 94. The question was reserved whether a different conclusion would have been necessary if such a lien had been proved. 279 U. S. 95. Certiorari was granted in this case because of the claim of the petitioner that by the statutes of New York franchise taxes become liens in advance for the years in which they are due, though the amount is not fixed and must be liquidated thereafter.

Liens in a sense they unquestionably are, but, we think, not so perfected or specific as to change the rule of distribution. The receivers were appointed, as we have seen, in January, 1927; and the petitioner, if not preferred at the time of the appointment, did not win itself a preference by anything done thereafter. *United States* v. *Oklahoma,* 261 U. S. 253, 260. By the statutes of New York, " every such tax or fee [including the annual franchise tax to be paid by corporations] shall be a lien and binding upon the real and personal property of the corporation . . . liable to pay the same until the same is paid in full." N. Y. Tax Law, Consolidated Laws, c. 60, § 197. The lien thus created is effective for many purposes though its amount is undetermined. It is notice to mortgagees or purchasers, who are held to loan or purchase at their own risk if they take their mortgages or deeds before the tax has been assessed or paid. *Carey* v. *Keith, Inc.,* 250 N. Y. 216; 164 N. E. 912; *Engelhardt* v. *Alvino Realty Co., Inc.,* 248 N. Y. 374; 162 N. E. 287. In that respect it is similar to the lien of a transfer tax or

duty upon the estate of a decedent. *Midurban Realty Co.* v. *F. Dee & L. Realty Corp.,* 247 N. Y. 307; 160 N. E. 380; *Stock* v. *Mann,* 255 N. Y. 100, 104; 174 N. E. 76. It will even be superior, at all events after assessment (*N. Y. Terminal Co.* v. *Gaus,* 204 N. Y. 512, 514; 98 N. E. 11) to mortgages already made, and will thus prevail against a purchaser who buys at a foreclosure sale. *N. Y. Terminal Co.* v. *Gaus, supra.* Cf. *Marshall* v. *New York,* 254 U. S. 380, 384. All this is settled in New York by reiterated judgments.

The problem here is different. To hold that a lien has progressed to such a point as to be a warning to mortgagees and purchasers of a contingent liability, like a notice of *lis pendens,* is far from holding that while the liability is unliquidated and unknown the lien thus created is perfect and specific. By the terms of the hypothesis it is nothing of the kind. If the state were to stand upon the warning and omit to ascertain the debt, it would never be able to sell anything, for it would not know how much to sell. Against mortgagees and purchasers a lien perfected afterwards may take effect by relation as of the date of the inchoate lien through which mortgagees and purchasers became chargeable with notice. The doctrine of relation will not divest the United States of the preference that accrued when receivers were appointed.

In what has been written there has been an assumption in favor of the petitioner that the tax would have priority if its amount had been liquidated before rights and interests became static through insolvency proceedings. The assumption is hardly to be reconciled with a judgment of this court pronounced a century and more ago. *Thelusson* v. *Smith,* 2 Wheat. 396, 426. The ruling there was that the general lien of a judgment upon the lands of an insolvent debtor is subordinate to the preference established by the statute unless seizure by a marshal or some other equivalent act has made the lien specific and brought

about a change of title or possession. Later cases have drawn a distinction between the liens of judgments and of mortgages. These last have been thought to have the effect of a conveyance, divesting the debtor of his title and leaving nothing but an equity to which a preference can attach. *Conard* v. *Atlantic Insurance Co.*, 1 Pet. 386; *Brent* v. *Bank of Washington*, 10 Pet. 596, 611, 612; *Savings Society* v. *Multnomah County*, 169 U. S. 421, 428. We do not now determine whether the holding in the mortgage cases is to be applied in jurisdictions where a mortgage upon real estate is a lien and nothing more (*Trimm* v. *Marsh*, 54 N. Y. 599), nor whether, if so applied, it imports a modification of the holding in the *Thelusson* case as to the lien of a judgment. Cf. *United States* v. *Canal Bank*, 3 Story 79, 81; *United States* v. *Duncan*, 4 McLean 607, 630. A mortgage, even though a lien, is one much more specific than a judgment or a tax, much closer to ownership. *Conard* v. *Atlantic Insurance Co.*, *supra*, p. 443; *In re Boyd*, 4 Sawyer 262, 264. Into these refinements and their consequences, there is no need to enter now. Enough for present purposes that the statutory preference must prevail against the lien of a tax not presently enforcible, but serving merely as a *caveat* of a more perfect lien to come.

The judgment is

*Affirmed.*