### CHURCHILL v. S. W. STRAUS INVESTING CORPORATION.

### No. 1017.

District Court, D. Delaware.

Nov. 10, 1938.

John J. Bennett, Jr., Atty. Gen., and George F. Mullay and Robert P. Beyer, Asst. Attys. Gen., State of New York, counsel for State Tax Commission, State of New York.

J. P. Wenchel, Chief Counsel, and Raymond F. Brown and Emmet McCaffery, Sp. Attys., Bureau of Internal Revenue, all of Washington, D. C., and John J. Morris, Jr., U. S. Atty., of Wilmington, Del., for the United States.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del., for receivers.

NIELDS, District Judge.

The controversy is one between the United States and the State of New York in which each claims priority of payment out of the assets of an insolvent corporation.

March 3, 1933 a bill of complaint praying the appointment of receivers of the defendant corporation was filed in this court pursuant to section 3883 of the Revised Code of Delaware 1915, which provides:

"Whenever a corporation shall be insolvent, the Chancellor, on the application and for the benefit of any creditor or stockholder thereof, may, at any time, in his discretion, appoint one or more persons to be receivers of and for such corporation, * * * ."

Defendant filed its answer admitting all the allegations of the bill and joining in the prayers. Receivers were appointed.

In their first general report of September 28, 1933 the receivers state:

"The condition of the affairs of the defendant corporation is such as to preclude any possibility of the reorganization thereof. There are neither sufficient substantial assets nor good will nor interest upon which to predicate a reorganization. The only alternative therefore is a gradual liquidation of the assets of the defendant corporation and the distribution of the proceeds therefrom, at such times, to such purposes and in such amounts as to this Court, upon the further application of your Receivers, may seem just and proper."

The estate has been fully liquidated. The receivers have in hand a balance of $49,120.86. The balance is insufficient to pay preference claims. These claims are (1) administration expenses, and (2) taxes.

A claim was filed by the United States with the receivers for an unpaid balance of 1930 income tax of $59,339.30 and a deficiency in 1931 income tax of $23,603.19 exclusive of interest. The right of the United States to priority of payment was set out in its claim.

Claims were also filed on behalf of the State of New York for (1) franchise taxes under the New York tax law prior to the receivership proceedings in the amount of $66,264.25; (2) franchise taxes under the New York tax law for the years beginning November 1, 1933 to and including November 1, 1937, after the receivership proceedings, in the aggregate amount of $58,-500; and (3) license tax under the New York tax law for a period prior to the institution of the receivership proceedings in the amount of $48,085.49, with interest on each item.

Claims of the State of New York are not entitled to be paid as administration expenses in this receivership proceeding in the District of Delaware. At all times the receivers have been engaged in the liquidation of the assets which came into their hands as receivers. They have not conducted the business of the defendant in New York or elsewhere. No income from business transacted in the State of New York was received by the receivers because no business was transacted there by them. Had business of the defendant corporation been carried on by receivers in New York ancillary receivers would have been appointed in that jurisdiction.

Defendant was and is insolvent. Section 3466, U.S.Rev.St., 31 U.S.C.A. § 191, provides:

"Whenever any person indebted to the United States is insolvent, * * * the debts due to the United States shall be first satisfied; * * *."

Long ago the Supreme Court held that the word "debts" in the above statute included taxes. By the terms of the statute the claims of the United States are entitled to priority of payment over claims by any State. The Supreme Court has said:

"The decision of this court in County of Spokane, Washington, v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621, upheld the power of Congress to give priority to debts due to the People of the United States, though the debts thereby subordinated were due to the People of a State, or its political subdivisions. To that decision we adhere. The hardship to the state, if there is any, 'is the necessary consequence of the supremacy of the laws of the United States on all subjects to which the legislative power of congress extends.'" New York v. Maclay, 288 U.S. 290, 53 S.Ct. 323, 77 L.Ed. 754.

In this receivership taxes due the United States must be accorded priority of payment.

Doubtless it is true that the license tax accruing before receivership gave the State of New York a lien upon assets which could have been seized to satisfy the lien. But the assets in New York were not seized and the unpaid tax remains merely a debt due the State which is subordinate to the claim of the United States for taxes. Spokane County v. United States, 279 U.S. 80, 49 S.Ct. 321, 73 L.Ed. 621.

An order may be submitted.