**In re LAMBERTVILLE RUBBER CO., Inc.**

District Court, D. New Jersey.
June 6, 1939.

Backes & Backes, of Trenton, N. J., for trustee.

Thorn Lord, of Trenton, N. J., for petitioning creditors.

McDermott, Enright & Carpenter, of Jersey City, N.J., and Sperry & Yankauer, of New York City (Walter D. Yankauer, of New York City, and Samuel M. Coombs, Jr., of Jersey City, N. J., Esq., of counsel), for Mill Factors Corporation.

FORMAN, District Judge.

On April 15, 1937, an involuntary petition to reorganize Lambertville Rubber Company, Inc., pursuant to Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, was filed in this court. On April 27, 1937, an order was entered appointing John T. Crowley temporary Trustee of the debtor, and on May 21, 1937 Crowley was appointed permanent Trustee. No plan of reorganization was agreed upon, and on January 12, 1938, an order of liquidation under the provisions of Section 77B(k) of the Bankruptcy Act was entered. On February 17, 1938, Crowley was appointed Trustee of the debtor in liquidation proceedings. Thereafter the Trustee filed his final report and account, covering the entire period from April 27, 1937, to the date of the report. From this report it appears that the Trustee has on hand approximately $37,000. The total of the administration claims (those arising since the institution of the 77B proceeding) against the Trustee, together with allowances which have been recommended by the Referee, will exceed $85,000.00. There will, therefore, be no funds available for payment to the general creditors, and the administration expenses of the Trustee will only be paid to the extent of about forty per cent. thereof.

During the trusteeship under Section 77B the Trustee paid State and Federal Unemployment ·Compensation taxes which

were due for the year 1936, and which had accrued from January 1, 1937 to April 27, 1937, and Federal Social Security taxes for the period from January 1, 1937 to April 27, 1937. Combined, these disbursements amount to $9,118.84.

After the order of liquidation was entered the Trustee paid $2,316.76 in Federal and State Unemployment and Federal Social Security taxes. Of this sum $705.36 was for Old Age Pension, of which the employees advanced $205.36, leaving a balance of $500 paid by the Trustee on account of Old Age Pension.

The Referee made the following recommendation which is now before the court for confirmation with reference to the above mentioned taxes: "I therefore recommend that the trustee be surcharged with the difference between the $500.00 paid subsequent to the Order of Liquidation and the amount which would be paid in dividends on the said claim and that the trustee not be surcharged for the payment of any other taxes."

Mill Factors Corporation is a financing company which discounted accounts receivable of the Trustee during the operation of the business under Section 77B. It opposes confirmation on the ground that an order of liquidation was entered, and that the order of priorities is controlled by Section 64 of the Bankruptcy Act, 11 U.S. C.A. § 104. The pertinent parts of this section provide as follows:

"(a) The court shall order the trustee to pay all taxes legally due and owing by the bankrupt to the United States, State, county, district, or municipality, in the order of priority as set forth in paragraph (b) hereof. * * *

"(b) The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate subsequent to filing the petition; (2) the filing fees paid by creditors in involuntary cases * * * (3) the cost of administration * * * (4) * * * (5) * * * (6) taxes payable under paragraph (a) hereof and (7) * * *." Cf. Section 64, Bankruptcy Act of 1938, 11 U.S.C.A. § 104.

The contention is that there are in hand insufficient funds to pay the costs of administration, which are given priority over taxes, and that the Trustee should be surcharged for the entire amount of taxes paid while he was operating under Section 77B for the year 1936. With reference to the taxes that were paid after the order of liquidation the contention is that the Trustee should be surcharged with the difference between the amount which would have been paid to the taxing authorities as administration creditors and the total amount paid to them.

No objection is now made to the surcharge of $500 recommended by the Referee with reference to taxes paid after the order of liquidation for Old Age Pension.

Considerable argument was advanced to the end that neither the State nor Federal governments held such liens for taxes paid them during the trusteeship under Section 77B as would enable them to assert priority under Section 67 of the Bankruptcy Act, 11 U.S.C.A. § 107, over the order of preferred claims as designated in Section 64.

Section 67 provides in part as follows:

"(a) Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate.

* * * * * *

"(d) Liens given or accepted in good faith and not in contemplation of or in fraud upon this Act [the provisions of this title], and for a present consideration, which have been recorded according to law, if record thereof was necessary in order to impart notice, shall, to the extent of such present consideration only, not be affected by this Act [anything herein]."

By virtue of the Bankruptcy Act of 1938 (Chandler Act) with reference to the same subject it is provided as follows: "The provisions of section 60 [96] of this Act [title] to the contrary notwithstanding, statutory liens in favor of employees, contractors, mechanics, landlords, or other classes of persons, and statutory liens for taxes and debts owing to the United States or any State or subdivision thereof, created or recognized by the laws of the United States or of any State, may be valid against the trustee, even though arising or perfected while the debtor is insolvent and within four months prior to the filing of the petition in bankruptcy or of the original petition under chapter X, XI, XII, or XIII of this Act [title], by or against him. Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may never-

theless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court." Section 67(b), 11 U.S.C.A. § 107(b).

The Bankruptcy Act of 1938 controls our discussion of the problem raised herein by virtue of its following language: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplementary thereto." Section 6(b), 11 U.S.C.A. § 1 note.

There are no grounds of "impracticability" presented or apparent in this case.

With reference to the federal taxes Congress has provided as follows:

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount * * * shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

"Unless another date is specifically fixed by law, the lien shall arise at the time the assessment list was received by the collector and shall continue until the liability for such amount is satisfied or becomes unenforceable by reason of lapse of time.

"Such lien shall not be valid as against any mortgagee, purchaser, or judgment creditor until notice thereof has been filed by the collector." 26 U.S.C.A. § 1560 et seq.

With reference to the taxes paid the State of New Jersey it is provided as follows:

"The contributions, penalties, and interest due from any employer under the provisions of this chapter, from the time they shall be due, shall be a personal debt of the employer to the state of New Jersey, recoverable in any court of competent jurisdiction in an action at law in the name of the state of New Jersey. Such debt, whether sued upon or not, shall be a lien on all the property of the debtor except as

against an innocent purchaser for value in the usual course of business and without notice thereof, and shall have preference in any distribution of the assets of the employer, whether in bankruptcy, insolvency or otherwise."

" * * * In the event of an employer's adjudication in bankruptcy, judicially confirmed extension proposal, or composition, under the federal bankruptcy act of 1898, as amended, contributions then or thereafter due shall be entitled to such priority as is provided in section sixty-four (b) of that act (U.S.C., Title XI, sec. 104 (b), as amended)." Revised Statutes of New Jersey 1937, 43:21–14(b) and (f), N.J.S.A. 43:21–14(b, f).

The Referee in his report concluded that the state and federal governments were lienors, that the order of priorities set forth in Section 64 of the Bankruptcy Act did not control, and that the trustee should not be surcharged for these disbursements. He further found that the trustee was justified in making these payments because he had agreed with the state and federal governments to settle these claims.

 This court is of the opinion that the taxes paid during the 77B proceeding and those paid after the order of liquidation should be upheld, but not upon the same grounds as the Referee as treated them. At the time the taxes were paid during the 77B proceeding Section 64 of the Bankruptcy Act was not operative. The order of priorities designated therein does not apply until an order of liquidation is entered, and even then it does not operate retroactively, In re Manhattan Music Hall, D.C., 14 F.Supp. 48. At the time of the appointment of the Trustee in reorganization on April 27, 1937, the debtor was in default for these taxes. By virtue of 42 U.S.C.A. § 1102, if these taxes were paid seasonably it could avail itself of a deduction from the taxes due the federal government to the extent of 90% of the taxes paid the state government. Otherwise, the debtor would have been liable to the state and federal governments to the full extent. Thus, it was clearly in the interest of the debtor that its Trustee should have paid these taxes in order to obtain the credit. Surely, the Trustee should not be penalized for his industry in this respect. It is stated in Thompson v. State of Louisiana, 8 Cir., 98 F.2d 108, 110: "Forfeiture of franchises or accrual of

penalties for non-payment of the tax would. be serious barriers to such rehabilitation * * *."

Finally, it is argued that the Trustee should have at least protected himself by an order of court permitting him to pay these taxes. No reason, however, is advanced now which would have impelled the court to deny such application if it had been made as suggested. Under these circumstances it undoubtedly would have been perfunctorily granted.

The court is not impressed with the arguments against these payments by the Trustee, and is constrained to the conclusion that they were justified under the circumstances.

■ After the order of liquidation was entered Section 64, supra, became operative. In re Manhattan Music Hall, supra. Whether or not these tax claimants were lienors is now material, for if they were this section does not apply. The Referee concluded that the state and federal governments were lienors. The Bankruptcy Act, Section 67(a) and (d), as it existed at the time of the Referee's Report, did not specifically provide that tax claimants secured by lien should have precedence over the order of priorities set forth in Section 64 thereof. Today the superiority of tax claimants is specifically set forth. Bankruptcy Act of 1938, Section 67(b).

The federal taxes are given the security of a lien upon realty and personalty the moment the Collector receives the assessment list. It is also provided that such lien shall not be effective against a judgment creditor until notice thereof is filed. 26 U.S.C.A. § 1560 et seq., supra. It is contended that this lien never became effective because the Collector never received an assessment list, and because the lien in any event would not be valid against the trustee as he stands in the same position as a judgment creditor. This argument is without merit. It is apparent that it was within the government's power to perfect their right of lien in the event that the taxes owing it were not paid. This power could be crystallized simply by the receipt of an assessment list by the Collector pursuant to the statute. Considerable emphasis is made of the fact that it does not appear in the record that such a list was ever received. In the case of Kennebec Box Co. v. O. S. Richards Corporation, 2 Cir., 5 F.2d 951, the government's contention for priority against the estate of an insolvent in settlement of its alleged claim of lien for taxes was denied. The refusal was founded upon the fact that it did not appear that the assessment list had been received by the Collector. This is a case in which the government had not been paid, and, of course, its claim of priority would depend upon whether or not it had a valid lien against the insolvent. In the case at bar the government has been paid, and the perfection of its lien was rendered unnecessary. Without payment the government could have perfected this lien and collected one hundred per cent. notwithstanding the contention that the trustee has the same rights of a judgment creditor. It is true that he is ordinarily given the rights of a judgment creditor without notice of adverse claims. Herein, however, the Trustee would not have had the necessary innocence to avail himself of a valid assertion of this defense. The taxes accrued while he was in office, and he had knowledge of the same.

With regard to the state taxes the statute provides that the tax claims shall be given the status of a lien upon all the property of the debtor, and that in the event of bankruptcy they shall be entitled to the priority set forth in Section 64(b) of the Bankruptcy Act. Revised Statutes of New Jersey 1937, 43:21–14(b) and (f), supra. Section 64(b) has since been amended, and the order of priorities is now set forth in Sections 64(a) and its subsections and 64(b). By virtue of the Bankruptcy Act these priorities do not apply in any event if there are tax claims secured by liens. In opposition to the assertion of the existence of the security of a lien of the State of New Jersey for its taxes it is contended that even though the New Jersey statute (Revised Statutes of New Jersey 1937, 43:21–14(b)· N.J.S.A. 43:21–14(b), supra) purports to establish a lien, such security never became so perfected or specific as to enable the State of New Jersey to have precedence over the usual order of priorities set forth in Section 64 of the Bankruptcy Act. Indeed, the case of People of the State of New York v. Maclay, 288 U. S. 290, 53 S.Ct. 323, 77 L.Ed. 754, seems to confirm this contention. In this case a statute of the State of New York gave the annual franchise tax owed by corporations the security of a "lien * * * binding upon the real and personal property of the corporation * * * liable to pay the same until the same is paid in full." Tax Law (Consol.Laws, c. 60), § 197. The

court nevertheless held the lien was not so specific or perfected as to change the rule of distribution.

The Bankruptcy Act as it exists today apparently does not prescribe such a high degree of perfection and designation as Section 67(d) of the Act prior to its amendment. The act today provides as follows: " * * * Where by such laws such liens are required to be perfected and arise but are not perfected before bankruptcy, they may nevertheless be valid, if perfected within the time permitted by and in accordance with the requirements of such laws, except that if such laws require the liens to be perfected by the seizure of property, they shall instead be perfected by filing notice thereof with the court." Section 67(b), 11 U.S.C.A. § 107 (b). Accordingly, it would not be untimely for the state to perfect its lien even after the order of liquidation.

Since the state had the power to complete its lien, the same reasoning applied in the case of the federal government's taxes is relevant: namely, the taxes have been paid and it was unnecessary for the state to perfect its security; without payment the state could have established a valid lien and collected one hundred per cent; therefore, no reason exists for surcharging the trustee.

The report of the Referee in so far as these taxes, state and federal, are concerned is confirmed. It will be observed that the court does not undertake to consider his report with reference to the surcharge of $500 for money paid by the Trustee into the Old Age Pension fund. No objection has been made to the report in this respect.

■ The attorney for the Trustee excepts to the Referee's recommendation that the fees allowed to the trustee and himself should share pro rata with other administration expenses. The Bankruptcy Act as it existed at the time of the report provided as follows: "The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be (1) the actual and necessary cost of preserving the estate * * * (2) the filing fees * * * (3) the cost of administration. * * *" Section 64(b).

It is urged that these fees should be allowed as a cost of preserving the estate, and in preference to costs of administration. The Referee was of the opinion that creditors who furnished goods to the Trustee were just as responsible for the preservation of the estate as the Trustee and his attorney, and should share pro rata irrespective of whether or not their claims fell under Subsections (1) or (3) supra.

As the Bankruptcy Act now exists there is no order of priority as among different administrative and procedural costs and expenses. The present law combines Subsections (1), (2) and (3) of the old act into a single priority. Section 64(a) (1). Accordingly, the Referee is affirmed in this respect.

■ The final objection to the Referee's report relates to his recommendation that the Creditor's Committee and its attorney were not entitled to fees since liquidation ensued, and there was no provision for fees in such a case. The Bankruptcy Act of 1938 provides as follows:

"The judge may allow reasonable compensation for services rendered * * * in connection with the administration of an estate in a proceeding under this chapter or in connection with a plan approved by the judge, whether or not accepted by creditors and stockholders or finally confirmed by the judge—

"(1) by * * * committees or representatives of creditors or stockholders * * * and

"(3) by the attorneys or agents for any of the foregoing * * *." Section 242, 11 U.S.C.A. § 642.

"Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings." Section 246, 11 U.S.C.A. § 646.

The case of In re Old Algiers, 2 Cir., 100 F.2d 374, involved a claim filed by the secretary and counsel to a Creditor's Committee whose efforts at reorganization had failed, resulting in the liquidation of the debtor. The court held that the above quoted provisions of the Bankruptcy Act were applicable, and that reimbursement should be allowed although at the time the

services were rendered the Bankruptcy Act of 1938 had not become effective.

In view of this decision the report of the Referee in so far as it concerns these fees is over-ruled, and if pressed applications for such fees will be reconsidered by the Referee.

An order may be taken in accordance with the views herein expressed.