## Meyer Estate.

Argued April 17, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Charles F. Uhl,* with him *George Mashank,* for appellant.

*William F. Knox,* with him *Benjamin W. Haseltine, Jr.,* and *Moorhead & Knox,* for appellees.

OPINION BY BALDRIGE, P. J., July 19, 1946:

The only question for solution in this appeal is whether in the distribution of the estate of a deceased insolvent debtor, the United States has priority for unpaid income taxes over a judgment entered of record before the accrual of its tax claim. The Orphans' Court of Allegheny County ruled in favor of the judgment creditor. The United States has appealed.

The parties agreed to a statement of facts which in substance is as follows: The debtor, Albert P. Meyer, died December 25, 1940. His personal estate was consumed by the widow's exemption and the expenses of administration. The only remaining asset was a 1/6 undivided interest in real estate formerly owned by his deceased father, William C. Meyer. On May 26, 1944, partition proceedings in the Orphans' Court of Allegheny County were instituted in the William C. Meyer Estate and resulted in an evaluation of the debtor's 1/6 interest at $2306.17, payable as owelty from the parties to whom the real estate was awarded, to the debtor's widow, subject to the payment of his debts. George S. Davidson, a creditor of Albert P. Meyer, had caused a judgment in the amount of $24,588 to be entered in the Court of Common Pleas of Allegheny County to No. 3809 January Term, 1933, which was revived January 5, 1938, by a sci. fa. Davidson thereafter died and his executors were substituted as party plaintiffs. On October 15, 1940, and August 15, 1941, the collector of internal revenue entered tax liens against Albert P. Meyer, both in the Federal Court and the Court of Common Pleas of Allegheny County for $2202.89 and $8904.67, representing unpaid income taxes for the years 1939 and 1940, respectively. The estate of Albert P. Meyer proved to be insolvent. Both the United States and the executors of the judgment creditor claimed the fund arising from the partition proceedings in the estate of the debtor's father when it came before the Orphans' Court of Allegheny County for audit and distribution. President Judge TRIMBLE awarded the fund to the executors of the judgment creditor, and his action was affirmed by the court in banc.

The government bases its claim to the entire fund upon section 3466 of the Revised Statutes, 31 U. S. C. 191 (derived from Acts of Congress of 1797 and 1799), which provides that whenever any estate of a deceased debtor is in the hands of executors

or administrators and is insufficient to pay the debts, the amount due the United States shall be first satisfied. This priority of payment accorded is not technically a "lien" but is analogous and tantamount thereto: Cf. *Marshall v. New York*, 254 U.S. 380, 385, 386. We note, however, that section 3670, 26 U. S. C. A. 3670, (55 Stat. 448) of the Internal Revenue Code provides: "If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount . . . shall be a *lien* in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." (Italics supplied.)

The representatives of the judgment creditor claim a prior lien under section 3672 of the Internal Revenue Code, 26 U. S. C. A. 3672, (56 Stat. 957), reading as follows: "Such a lien [for unpaid U. S. taxes] shall not be valid as against any mortgagee, pledgee, purchaser, or judgment creditor" until notice thereof has been filed by the collector in the office in which the filing of such notice is authorized by the law of the state in which the property subject to the lien is situated. (As amended October 21, 1942, derived from section 3186 R. S., Act of July 13, 1866, as amended.)

By the Act of March 4, 1913, c., 166, 37 Stat. 1016, Congress amended section 3186, the predecessor of section 3672, by adding a proviso "that such a lien shall not be valid against any mortgagee, purchaser, or judgment creditor" until certain recording and filing requirements are met. A later amendment added "pledgees" to the protective class. The Act of May 1, 1929, P. L. 1215, §1, 74 PS §141, passed in Pennsylvania gave effect to section 3672 of the Internal Revenue Code. In *United States v. Snyder*, 149 U. S. 210, 13 S. Ct. 846, 37 L. Ed. 705, (1893), the Supreme Court held that the lien created by section 3186 then in force, was not subject to the recording acts of the different states and was enforceable against a bona fide purchaser, who had neither means or knowledge of the lien imposed. The Ameri-

can Bar Association in 1899, (Vol. 22 A. B. A. Reports 48) memorialized Congress to adopt legislation to remedy the evil created by that case. It is reasonable to conclude that Congress by section 3672 intended to correct that injustice and give protection to those specifically designated, namely, purchasers, mortgagees, pledgees, and judgment lien creditors.

The government takes the position that sections 3466 and 3672, supra, must be construed independently as they were enacted to meet two separate and distinct factual situations, viz., section 3466 gives priority generally to United States debts, where, as here, the debtor is dead and the estate is insolvent; under section 3672 if the debtor, living or dead, has assets sufficient to pay all indebtedness the government debts are postponed in favor of certain classes of creditors named therein unless the government claims have been filed first and notice given by the collector of internal revenue in the office authorized by the law of the state.

If section 3466 alone is applicable we would not be confronted with any difficulty as thereunder the claims of the government generally have been granted priority over the claims of other creditors: *U. S. v. Fisher,* 2 Cranch 358, 390; *Thelusson v. Smith,* 2 Wheaton 396, 4 L. Ed. 271; *New York v. Maclay,* 288 U. S. 290, 53 S. Ct. 323, 77 L. Ed. 754, (1933); *U. S. v. Texas,* 314 U. S. 480, 62 S. Ct. 350, 86 L. Ed. 346 (1941); *U. S. v. Waddill, Holland and Flinn, Inc.,* 323 U. S. 353, 65 S. Ct. 304, 89 L. Ed. 251, (1945), are but a few of the many cases that could be cited on this point.

The learned court below concluded, and we coincide with its views, that section 3466 must be construed with section 3186 as amended by section 3672, and that it was the intention of Congress to modify the rule in the *Thelussen* case, and place a judgment creditor in the same position as a purchaser or a mortgagee, thus giving a validity and status to judgment lien creditors not previously possessed. We have not been able to find

any expression in section 3672 indicating that it applies only where the debtor's assets are sufficient to pay all lien creditors. We do observe that in section 3466 when there is insolvency the debts due the United States shall be paid first, and in section 3672 the government's "liens" shall not be valid as to judgment creditors, etc., until notice of filing is given. Granting section 3466 applies exclusively to insolvent debtors, it does not follow that in construing it, section 3672 must be entirely disregarded.

If the assets of a debtor or his estate are adequate to pay all debts every claim will be paid and the issue before us is then unimportant. If a debtor is solvent no claim is imperiled. It is only when the funds are not sufficient to pay all claims that the question of priority becomes of real interest, and it was that situation that moved Congress to give added protection to judgment creditors.

The government does not, and could not, claim priority under its sovereign power, but only by an Act of Congress and it cannot be impaired or displaced by any state law (*Littlestown National Bank v. Penn Tile Works Company*, 352 Pa. 238, 243, 42 A. 2d 608), but Congress may grant priority over federal liens to mortgagees or judgment lien creditors. It may say that the first in lien is the first in right and further that the government may lose its priority by failure to give notice of its claim. No case of the United States Supreme Court, decided after the passage of section 3672, has been cited and we have found none that upholds the government's contention. The contrary view has judicial support.

In *Manufacturers' Trust Company v. Sobel*, 26 N. Y. S. 2d 145, the court held that the plain language used in section 3672 can have no other meaning than that a judgment creditor being first in time, the government in case of a conflict must yield, as there is no other room for any other construction of this statute as to the class

of persons specified. See, also, *MacKenzie v. U. S.,* 109 Fed. 2d 540, C. C. A. 9th. In *U. S. v. Record Publishing Company,* 60 Fed. Supp. 194, (D. C. Cal., 1945), the court held that under section 3672 a prior judgment creditor took precedence over a later lien of the United States for unemployment taxes, etc.

It is argued further by the government that a judgment lien under section 3672 is but an inchoate, general lien and will not defeat the government's priority as it has not been made specific by the issuance of an execution which has proceeded far enough to take the land out of the possession of the debtor citing *Thelusson v. Smith,* supra; *New York v. Maclay et al.,* supra; *U. S. v. Knott,* 298 U. S. 544, 549, 56 S. Ct. 902, 80 L. Ed 1321, (1936); *U. S. v. Texas,* supra.

In *U. S. v. Texas,* supra, p. 485, it was pointed out that under section 3466 a general judgment lien upon the lands of an insolvent debtor does not take precedence over the claims of the United States, unless the process after an execution has proceeded far enough to take the land out of the possession of the debtor. Attention was directed to the earlier decisions where the question was reserved whether the priority of the United States under section 3466 would be defeated "by a specific and perfected lien upon property, whose title remained in the debtor." That question continued to remain undecided.

The government frankly admits that it is not entirely clear as to what is meant by "perfected" and "specific" liens. We do not find that section 3672 makes distinction between specific and general liens. If it be determined otherwise, considerable liberty will have to be taken and a meaning read into the act that has not been expressed. There must be certain preliminary steps taken to enforce not only a lien of a judgment but also of a mortgage. But the necessity of following certain statutory steps before the debtor's real estate can be sold under a judgment, does not make it such an inchoate or imperfect lien as will defeat the priority expressly given it by stat-

ute over a claim of the government for taxes. Certainly such an argument cannot be successfully advanced as to a mortgage. When a judgment is entered it becomes a lien on all the debtor's real estate located in the county of entry. We may assume that it is then perfected as there is nothing further to be done to create a lien. If the judgment is for a liquidated amount it may be considered as specific.

Section 3672 places the lien of a judgment in the same category as a mortgage without any distinction as to priority and no difference is made whether or not an execution has been issued upon a judgment or a mortgage foreclosed. Each, if prior in date, is given preference over government claims. What purpose had Congress in including a judgment lien in the statute if not to give it priority the same as the other classifications?

It was stated in *Thelusson v. Smith,* supra, that "expressions in section 3466 are as general as any which could have been used, and exclude all debts due individuals, whatever may be their dignity." The Supreme Court later recognized that certain exceptions were read into the statute. One exception is mortgages executed previous to the accrual of the claim of the United States: *U. S. v. Waddill, Holland and Flinn, Inc.,* supra; *People of the State of New York v. Maclay,* supra; *U. S. v. Texas,* supra; *U. S. v. Emory,* 314 U. S. 423, 62 S. Ct. 317, 86 L. Ed. 315.

The court in *U. S. v. Guaranty Trust Co.,* 33 Fed. 2d 533, C. C. A. 8th (1929), in its discussion of section 3466 following *Thelusson v. Smith,* supra, stated p. 537: "We deem it established beyond dispute that priority claims of the United States, under section 3466, R. S., are subordinate to the lien of a mortgage which has attached before the indebtedness to the government accrues."

Justice CARDOZO in *New York v. Maclay,* supra, drew this distinction in construing section 3466 between a

lien of a mortgage and a lien of a judgment: "A mortgage, even though a lien, is one *more* specific than a judgment or a tax, much closer to ownership," (Italics supplied) and held that the lien of a judgment upon the lands of an insolvent debtor is subordinated to the preference established by section 3466 unless the property has been seized by virtue of an execution or some other equivalent act, which brought about a change of title or possession. As we have pointed out before, section 3672 was not then before the court so that now we are confronted with an entirely different situation.

It thus appears well established that prior to the passage of section 3672 judgment liens, but not mortgages, were subordinated to the claims of the United States for unpaid taxes against an insolvent debtor. The only exceptions recognized by judicial decisions to the government's preference under section 3466 are a bona fide transfer, mortgage, or levy on a judgment prior to the time the government claim accrued. We agree that intention of the lawmakers to modify section 3466 must be plain (*U. S. v. Emory et al.,* supra), but that Congress did intend to change the status of a judgment lien creditor is quite evident. As the lower court well says: "An interpretation of section 3672 which would hold that a judgment without execution is subordinate to the tax claim, would necessitate a conclusion that an unforeclosed mortgage is likewise subordinated. That would destroy the intention of Congress when in plain and unambiguous words and phrases the claim of the United States is subordinated to the excepted class of creditors, that is mortgagees, pledgees, purchasers, and judgment creditors. The judicial distinction between the specific lien of a mortgagee because his mortgage was a conveyance of the land and the inchoate lien of a judgment without execution was omitted from the act and is not to be written into it by a court."

It is a familiar principle of statutory construction that a conflict between various statutes is to be avoided

and if possible the apparent conflicting provisions must be construed together with the more specific provisions prevailing over the general ones: *Hellmich v. Hellman*, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544. Applying this rule the general provisions of section 3466 are limited by specific provisions of section 3672. The latter section has greater significance in insolvency cases than the former because in section 3672 payment of a lien is most important.

A careful consideration of this record fails to convince us that there is any merit to the appellant's assignments of error. Decree affirmed at appellant's costs.