# UNITED STATES
v.
## ATLANTIC MUNICIPAL CORP.
### No. 14785.

United States Court of Appeals,
Fifth Circuit.

May 11, 1954.

H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. Atty. Gen., Washington, D. C., James L. Guilmartin, U. S. Atty., Tampa, Fla., Alonzo W. Watson, Jr., Sp. Asst. Atty. Gen., A. F. Prescott, Joseph F. Goetten, Sp. Assts. to the Atty. Gen., for appellant.

O. B. McEwan, Orlando, Fla., Wilson Sanders, Sanders, McEwan & Berson, Wm. McHardy Berson, Orlando, Fla., of counsel for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

This is another of the many cases involving (1) conflicting claims to priority of liens [1] and (a) Specific and Perfected Liens v. Federal Priority in Receiverships,[2] which have lately engaged the at-

---

1. United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367.

2. The Yale Law Journal, Vol. 56, p. 1258; People of State of Illinois ex rel. Gordon v. Campbell, 329 U.S. 362, 67 S.Ct. 340, 91 L.Ed. 348; United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53; United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701, 97 L.Ed. 1071; United States v. Albert Holman Lumber Co., 5 Cir., 206 F.2d 685.

tention of this court and the Supreme Court.

Submitted on an agreed statement of facts,[3] this case presents a single question for decision. As appellee correctly states it in its brief, this question is: Whether the District Court erred in holding that, on distribution of the proceeds of all property of an insolvent taxpayer corporation, the holder of a tax lien certificate issued by the County of Orange, Florida, for 1949 *ad valorem* taxes which became a lien on the taxpayer's real property on January 1, 1949, is entitled to priority as against an income and excess profits tax claim of the United States which became a lien on May 31, 1949 and was duly filed in the Public Records of Orange County, Florida, on June 1, 1949.

Appellant, invoking both the Federal Tax Lien Statute, 26 U.S.C. §§ 3670–

3672 and the Federal Priority Statute, R.S. § 3466, 31 U.S.C.A. § 191, insists: (1) that lien for lien, the tax lien of the United States primes that of the appellee, and requires priority in payment, and (2) that if this is not so, the debtor being insolvent, Section 3466 accords priority in payment to debts due the United States for taxes.

■■ On its part, as a conclusive answer to appellant's first claim, appellee points: to the showing in the agreed statement of facts that its claim is supported by a specific and perfected lien which primes, that is, is prior in time to, the tax lien of the United States; and to the law as most recently declared in United States v. City of New Britain, 347 U.S. at page 85, 74 S.Ct. at page 370:

"* * * We believe that priority of these statutory liens is deter-

3. "1. That the United States of America had income and excess profits tax liens against all real and personal property of the defendant, Florida Aircraft Corporation, under the provisions of Sections 3670 and 3671 of the Internal Revenue Code, in the sum of $134,626.59 plus interest, and that said liens became liens against the property of said Florida Aircraft Corporation as of the date the Florida Collector of Internal Revenue received the assessment lists covering said assessments; that the said assessment lists were received by the said Collector of Internal Revenue on the 31st day of May, A. D. 1949; that the notice of said income and excess profits tax liens was duly filed by the Collector of Internal Revenue in Lien Book Z, page 209, of the Public Records of Orange County, Florida, pursuant to Section 3672 of the Internal Revenue Code, on June 1, 1949.

"2. That the Plaintiff's lien for 1947 taxes, said lien being evidenced by Orange County Tax Certificate #1416, Tax Sale of 1948, is prior to the income and excess profits tax liens of the United States.

"3. That the plaintiff and cross-defendant, Atlantic Municipal Corporation, is the owner and holder of County of Orange Tax Certificate Number 1416, Tax Sale May 31, 1948, for delinquent taxes due the County of Orange for the year 1947 in the amount of $3,664.15, and of County of Orange Tax Certificate Number 1095, Tax Sale of June 1, 1950, for delinquent 1949 taxes in the amount of $3,684.75; that both of the aforementioned tax cer-

tificates covered real property owned by the defendant, Florida Aircraft Corporation, and such delinquent taxes and certificates in evidence thereof attached as liens upon the property of the defendant, Florida Aircraft Corporation.

"4. That the Receiver heretofore duly appointed by the Court, on the 20th day of April, 1951, sold, free and clear of all liens and incumbrances, all of the real and personal property of the defendant, Florida Aircraft Corporation, and liens theretofore existing upon the said real and personal property of the said Florida Aircraft Corporation thereafter attached to the proceeds derived from the sale of the said property.

"5. That the liens of the United States of America and Atlantic Municipal Corporation have now attached to the sums of money, now in the hands of the Receiver, derived from the sale of the property of the said Florida Aircraft Corporation.

"6. That all matters of fact have been heretofore settled or determined, and the sole remaining question is whether the plaintiff and cross-defendant, Atlantic Municipal Corporation, has right to priority of payment of Tax Certificate Number 1095, as aforesaid, or whether the claim and lien of the United States of America for income and excess profits tax, perfected on May 31, 1949, has right to priority of payment over the owner and holder of Tax Certificate Number 1095, tax Sale 1950, for delinquent 1949 taxes."

mined by another principle of law, namely, 'the first in time is the first in right.' As stated by Chief Justice Marshall in Rankin v. Scott, supra [12 Wheat. 177, 6 L.Ed. 592]:

" 'The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which shall postpone him in a Court of law or equity to a subsequent claimant.' 12 Wheat., at page 179, 6 L.Ed. 592. This principle is widely accepted and applied, in the absence of legislation to the contrary. 33 Am.Jur., Liens, § 33; 53 C.J.S., Liens, § 10b. We think that Congress had this cardinal rule in mind when it enacted § 3670, a schedule of priority not being set forth therein. Thus, the priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate.

"The United States in claiming priority for all its liens relies heavily on two recent cases from this Court, United States v. Security Trust & Savings Bank, supra, and United States v. Gilbert Associates, 345 U.S. 361, 73 S.Ct. 701 [97 L.Ed. 1071]. We do not think they are inconsistent with our decision in this case."

As an equally conclusive answer to appellant's second claim, based on Sec. 3466, the debt priority statute, appellee, citing the cases and the Yale Law Review Article cited in note 2, supra, invokes the established rule, expressed by way of dicta and applied at least negatively with complete uniformity, that this statute has no application to a valid specific and perfected, a fully choate lien.

We find ourselves in full agreement with both of appellee's contentions. Of its first contention, that its lien is superi-

or to the lien of the United States, it is sufficient to say that: in the City of New Britain case the Supreme Court, reconciling its opinions dealing with, and clarifying the law as to, the relative priorities of federal and other liens, has finally dissipated and dispersed the mists of doubt and confusion in and by which the question has been shrouded and obscured, and that since, upon the agreed facts the lien of appellee is a perfected and choate lien, prior in time to the lien of the United States, it is superior in law to the claim of the United States qua lien.

■ It is also clear that appellee's second contention, that Section 3466, the debt priority statute, may not, under the agreed facts, be availed of by the United States, is equally well taken. This statute applies only as against unsecured debts, that is, debts not secured by a specific and perfected lien. It has never been, we think it will never be, applied as it is sought to be applied here, to accord payment to a debt due the United States in preference to a claim secured by a lien which is prior in time and superior in law to the lien of the United States securing the debt for which preferential payment is sought.

The article in the Yale Law Journal, referred to above, was written before the Supreme Court had decided the cases set out in Note 2. In it the writer clearly and correctly thus set down the then state of the law:

"In the early leading case of Thelusson v. Smith, the Court stated as dictum that 'the United States are to be first satisfied; but then, it must be out of the debtor's estate' [11] and added that property 'divested out of the debtor * * * cannot be made liable to the United States.' [12] Desiring nevertheless to protect the federal priority from undue limitations at the hands of state legislatures and courts, the Court in later cases continued to utilize this concept of divestment of title or posses-

---

"[11]. 2 Wheat. 396, 425 [4 L.Ed. 271] (1817).

"[12]. Ibid.

sion as a check upon the claims of competing creditors. Limits were laid down. Thus, it is well established that a mortgagee's claim defeats the federal priority on the theory that title has passed,[13] at least in those states where the title theory prevails.[14] On the other hand inchoate general liens are subordinate to the priority, since they merely entitle a creditor to obtain execution through subsequent legal process.[15] Into this framework the Supreme Court has attempted to fit the specific and perfected lien. Apparently recognizing the commercial use of liens as a form of security, the Court has stated that 'it has never yet been decided, by this Court, that the priority of the United States will divest a specific lien, attached to a thing, whether it be accompanied by possession, or not,' [16] but on the other hand, the Court has always managed to avoid a square holding that the priority will not divest such a lien by reasoning that the particular lien involved was not sufficiently specific and perfected to present the direct question.[17]"

In it, with equal correctness, he likewise foresaw and foretold what the law ought to and would be.

The judgment denying the claim of the United States to preference in payment over the claim of the appellee was right. It is affirmed.

"13. See e. g., Savings & Loan Society v. Multnomah County, 169 U.S. 421, 428 [18 S.Ct. 392, 42 L.Ed. 803] (1898); Field v. U. S., 9 Pet. 182, 201 [9 L.Ed. 94] (1935); Conrad [Conard] v. Atlantic Insurance Co., 1 Pet. 386, 441 [7 L.Ed. 189] (1828); Thelusson v. Smith, 2 Wheat. 396, 425 [4 L.Ed. 271] (1817). But cf. The Melissa Trask [D.C.D.Mass.] 285 F. 781 (1923).

"14. Whether the same holds true for those jurisdictions where a mortgage is regarded as creating only a lien is a question about which the Court has expressly refused to speculate. See [People of State of] New York v. Maclay, 288 U.S. 290, 294 [53 S.Ct. 323, 77 L.Ed. 754] (1933).

"15. E. g., [People of State of] Illinois ex rel. Gordon v. Campbell, 329 U.S. 362 [67 S.Ct. 340, 91 L.Ed. 348] (1946); United States v. Waddill, Holland & Flinn, 323 U.S. 353 [65 S.Ct. 304, 89 L.Ed. 294] (1945); United States v. Texas, 314 U.S. 480 [62 S.Ct. 350, 86 L.Ed. 356] (1941); United States v. Knott, 298 U.S. 544 [56 S.Ct. 902, 80 L.Ed. 1321] (1936); [People of State of] New York v. Maclay, 288 U.S. 290 [53 S.Ct. 323, 77 L.Ed. 754] (1933); Spokane County v. United States, 279 U.S. 80 [49 S.Ct. 321, 73 L.Ed. 621] (1929); Thelusson v. Smith, 2 Wheat. 396 [4 L.Ed. 271] (U.S. 1817).

"16. Conrad [Conard] v. Atlantic Ins. Co., 1 Pet. 386, 441 [7 L.Ed. 189] (1828).

"17. See cases cited note 15 supra."