**In re IKE MARTIN COMPANY, INC., Debtor.**

**Bankruptcy No. 83–10055.**

United States Bankruptcy Court, D. Kansas.

Jan. 8, 1985.

---

## MEMORANDUM AND ORDER

ROBERT B. MORTON, Bankruptcy Judge.

### APPEARANCES

On the trustee's Motion for Instructions on Distribution of Remaining Sale Proceeds, for Allowance of Interim Attorney's Fees, and for Permission to Abandon Accounts Receivable Without Notice, the trustee, John K. Pearson, appears pro se; the debtor, Ike Martin Company, Inc., appears by Craig Kennedy, Esq.; claimant Internal Revenue Service appears by David House, Esq.; claimant Superior Rotary Tools appears by Robert S. Fuqua, Esq.; and claimant Carborundum Company appears by David L. Hiebert, Esq.

### NATURE OF THE CASE

The debtor, Ike Martin Company, Inc., filed a Chapter 11 petition on January 18, 1983, which was converted to a Chapter 7 case on September 20, 1983. On December 14, 1983, the trustee held an auction on certain real estate and personal property. After the payment of fees and expenses, the trustee is now holding the remaining funds ($12,400) for distribution to secured creditors. This sum is not enough to pay all claims and as a result a conflict has arisen over the priority between two secured creditors. The trustee has asked this Court to resolve the competing claims.

### FACTS

On August 6, 1982, the debtor was assessed by the Internal Revenue Service (IRS) for failure to pay federal employment taxes in the amount of $18,717.13. On the same day the debtor made a partial payment by tendering a check for $6,042.22. Thus, when the federal notice of lien was filed on September 8, 1982, with the Register of Deeds for Sedgwick County, Kansas, the unpaid balance recorded on Form 668 was $11,674.91. The notice was filed with the Secretary of State in Topeka on September 16, 1982. The check given to the IRS was later returned due to insufficient funds.[1]

David R. House, Tax Div., U.S. Dept. of Justice, Washington, D.C., Benjamin L. Burgess, Jr., U.S. Atty., Wichita, Kan., for I.R.S.

Robert S. Fuqua, Wichita, Kan., for Superior Rotary Tools.

Carol A. Park, Wichita, Kan., Asst. U.S. Trustee.

Craig Kennedy, Wichita, Kan., for debtor.

David L. Hiebert, Wichita, Kan., for Carborundum Co.

John K. Pearson, Wichita, Kan., Trustee.

---

1. The conclusion reached by this Court obviates any need to determine whether or not the

The IRS argues that the federal tax lien affords them a priority to the funds held by the trustee, because it had the first choate lien. The claim is for $22,601.35, which is calculated by including the amount of the returned check in addition to pre-petition interest and penalties.

Superior Rotary Tools (Superior) likewise asserts a priority to the funds, relying on a state court judgment entered September 23, 1982, in the amount of $5,365.40. The argument runs that under the Kansas judgment relation-back statute the effective date of the judgment lien was July 2, 1982, thereby defeating the tax lien.

### ISSUES

1. Whether the judgment lien of Superior Rotary Tools relates back to the filing of the complaint.

2. The amount of IRS priority if the judgment does not relate back.

### MEMORANDUM

■ The creation, form, and priority of a federal tax lien are matters to be determined by federal law. *Adams v. United States*, 420 F.Supp. 27, 30 (S.D.N.Y.1976). Where there is a conflict between a federal tax lien and a state lien the "first in time is first in right" rule prevails. Generally, the date setting the priority of the tax lien is the assessment date. 26 U.S.C. § 6322. Superior, however, falls into a special category of creditors against whom the IRS must file a notice of tax lien prior to outranking the competing non-federal lien.[2] In the present case, the IRS filed the required notice before actual entry of the state court entry of judgment.

Superior advances the argument that the Kansas judgment relation-back statute affects its date of judgment for priority purposes. The statute in question, Kan.Stat. Ann. § 60–2202 (1983), provides that a judgment lien "shall be effective from the

time at which the petition stating the claim against the judgment debtor was filed but not to exceed four months prior to the entry of the judgment." Under this statute, the operative date of Superior's judgment was July 2, 1982, apparently giving them the priority. Employing federal tax lien jargon, the issue becomes whether or not the "related-back" judgment was "choate" at the time of the notice of tax lien filing.

■ Only choate state-created liens take priority over later federal tax liens. A state lien is choate if it is specific and perfected (when nothing further needs to be done to make it enforceable or when the identity of the lienor, the property subject to the lien, and the amount of the lien are established). *United States v. Equitable Life Assurance Society*, 384 U.S. 323, 327–28, 86 S.Ct. 1561, 1563–65, 16 L.Ed.2d 593 (1966). This issue of whether or not a relation-back statute creates a choate lien was presented to the United States Supreme Court in *United States v. Security Trust & Savings Bank of San Diego*, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950). The Court stated that the lien created by such a statute is a "mere 'caveat of a more perfect lien to come.'" *Id.* at 50, 71 S.Ct. at 113 (citing *New York v. Maclay*, 288 U.S. 290, 294, 53 S.Ct. 323, 324, 77 L.Ed. 754 (1933)). Any number of circumstances could interfere and prevent the merging of the judgment to the date of attachment; the lien is contingent and inchoate until a judgment is entered. In order to ensure prompt and certain collection of taxes, the federal tax lien must be given priority. *Id.*, 340 U.S., at 51, 71 S.Ct. at 113. A state relation-back statute does not create a choate lien for federal tax lien purposes. *Id.* At the time the United States filed the notice of tax lien in the present case, Superior did not have a judgment. Thus, the IRS has the superior claim.

---

$6,042.22, plus interest and penalties, is part of the IRS claim.

**2.** 26 U.S.C. § 6323(a). An appropriate filing under subsection (f) is required before a federal

tax lien will be valid as against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.

**16**

The remaining issue for this Court is to determine the amount of the federal priority. The Internal Revenue Code states:

If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or *assessable penalty,* together with any costs that may accrue in addition thereto) *shall be a lien* in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person.

26 U.S.C. § 6321 (emphasis added). The form used by the IRS to file the notice alerts the public that the taxpayer remains liable for "additional penalties, interest, and costs that may accrue." [3] Thus, the accrual of interest, penalties and additional taxes is not frozen at the date of filing the notice of federal tax lien. *Peterson v. United States,* 511 F.Supp. 250, 256 (D.Utah 1981). The legislative intent was "to grant a lien in excess of the actual amount of the tax." *In re Parchem,* 166 F.Supp. 724, 726 (D.Minn.1958). To prevent "secret lien" overtones, disclosure of information regarding the outstanding obligation is provided for in a Treasury regulation:

The amount of the outstanding obligation secured by the lien remaining unpaid at the time of an inquiry is authorized to be disclosed to any person who has a proper interest in determining this amount. Any person who has a right in the property or intends to obtain a right in the property by purchase or otherwise will, upon presentation by him of satisfactory evidence, be considered to have a proper interest.

26 C.F.R. § 301.6323(i)–1.[4]

Clearly, the IRS has a priority for $11,674.91, the amount stated in the federal notice filed on September 8, 1982. The penalties [5] and interest [6] which accrued on that amount to the date of the petition aggregated $1,390.55.[7] Thus, the total claim of the IRS ($13,065.46) exceeds the earmarked funds held by the trustee. As between Superior and the IRS, the latter has the paramount right to those sale proceeds. From the trustee's reports it appears that the estate funds are more than sufficient to satisfy all senior priority claims.

### ORDER

Based upon the foregoing memorandum which constitutes findings of fact and conclusions of law as required by Bankruptcy Rule 7052 and Rule 52(a), Federal Rules of Civil Procedure,

IT IS ORDERED that the trustee is directed to pay over the $12,400 proceeds from the sale of debtor's real and personal property to the Internal Revenue Service for application on its tax claim herein.*

---

3. Form 668, Notice of Federal Tax Lien Under Internal Revenue Laws is attached to the Proof of Claim filed by IRS.

4. This Court notes that 26 U.S.C. § 6323(i)(3), *providing for disclosure of the outstanding tax,* has been repealed. The Treasury regulation, however, remains in effect, giving an interested party the opportunity to discover the current amount owing.

5. The penalty is allowed. Under section 724(a) the trustee *may* avoid certain penalty liens. In the present case, the trustee has made no attempt to avoid; therefore, the penalty amount remains part of the claim.

6. Interest stops accruing on a tax claim on the date of the petition filing. 11 U.S.C. § 502(b)(2), (b)(3); H.Rep. No. 95–595, at 352–54; S.Rep. No. 95–989, at 62–65, U.S. Code Cong. & Admin. News 1978 p. 5787.

7. Memorandum in Support of Priority of the United States' tax lien, at 4.

* Other administrative directions requested by trustee are covered by separate order.