**In re Don Howard MAJOR, Debtor.**

**LIBERTY NATIONAL BANK, et al., Plaintiffs,**

**v.**

**Don MAJOR, et al., Defendants.**

**Bankruptcy No. 3–84–02143.
Adv. No. 3–85–0117.**

United States Bankruptcy Court,
W.D. Kentucky.

Sept. 29, 1986.

John A. Majors, Louisville, Ky., for plaintiffs.

Joseph J. Golden, Louisville, Ky., for debtor/defendant.

Stephen M. George, Louisville, Ky., for defendant, Suzanne Major.

Jane Gilbert, Asst. U.S. Atty., Louisville, Ky., and Charles A. Baer, Trial Atty., Tax Div., U.S. Dept. of Justice, and Atty. Gen. of the U.S., Washington, D.C., for defendant, I.R.S.

## MEMORANDUM–OPINION

G. WILLIAM BROWN, Bankruptcy Judge.

This matter comes before the Court on Motions for Summary Judgment by the defendant, Internal Revenue Service, and by the plaintiffs, First National Bank of Louisville, Liberty National Bank & Trust Company, and Credithrift of America, Inc. (the "banks"). The banks' Complaint alleges an interest in certain funds now being held by the Receiver of the Jefferson Circuit Court by virtue of irrevocable assignments executed by the debtor. The defendant, Suzanne Major, the former wife of the debtor, claims the money as a result of certain orders relating to maintenance and child support entered by the Jefferson Circuit Court. The Internal Revenue Service ("IRS") claims the money by virtue of its filed tax liens. The debtor asserts that the money is property of his estate and is necessary for his rehabilitation.

In order to resolve who has priority to these funds, it is first necessary to outline the chronology of when the competing interests came into being.

Suzanne Major's interest is premised upon certain orders emanating from the Jefferson Circuit Court dissolution action. The first of such orders, dated November 12, 1979, awarded Ms. Major certain child support arrearage, school tuition, past due mortgage payments, and a monthly sum for current child support. It further provided that the debtor's former law partnership pay to Suzanne Major, the child support "... from the Respondent's proceeds as a result of his sale of his interest in the civil law practice". The Order dated January 21, 1980 provided that the debtor's former law firm withhold from any proceeds due the debtor, "... as a result of his interest in any cases, an amount equal to all judgments awarded by this Court to the Petitioner against the Respondent now in existence, or which may come into existence". The February 4, 1980 Order provided that the same law firm withhold from any proceeds due the debtor, "... as a result of his sale of any interest in the partnership, or any of his interests in the building located at 440 South Seventh Street, Louisville, Kentucky 40203 an amount equal to all judgments awarded by this Court to the Petitioner against the Respondent, ...". The March 2, 1981 Order awarded Suzanne Major a judgment in the amount of $15,786.00 for child support arrearage, maintenance arrearage, delinquent house payments, and school tuition. On January 31, 1984, the parties entered into an Agreed Order wherein Ms. Major was given an additional judgment of $15,-000.00, and it further provided that no additional interest would accumulate on previous judgments if they were satisfied within one year.

The banks are the holders of irrevocable assignments from the debtor of fees due the debtor from his former law firm. The debtor made the following assignments to the banks on March 15, 1983:

1. Liberty National Bank & Trust Company was to receive $13,235.00 plus interest.
2. First National Bank of Louisville was to receive $2,198.91 plus interest.
3. Credithrift of America, Inc. was to receive $3,299.00 plus interest.

The assignments state in part as follows: The undersigned, Don H. Major, ... hereby irrevocably assigns and transfers to Bank, to the extent necessary to satisfy the aforesaid sum, any and all right, title and interest in and to all fees, accounts, contract rights, interests, choses in action, other property in the form of pending cases, fees or other money due or about to become due or due in the future resulting from fees for legal work due from the law firm of Mulhall, Major, Turner, Taylor & Hoffman.

The IRS made the following assessments and filed "Notice of Federal Tax Lien under Internal Revenue Laws" pursuant to I.R.C. 6321, 6322, and 6323:

1. Notice filed in Jefferson County Clerk's Office January 22, 1981 for the tax period ending December, 1979 and assessed on January 6, 1981.
2. Notice filed in Jefferson County Clerk's Office August 26, 1981 for the tax period ending December, 1978 and assessed on July 13, 1981.

Following the debtor's filing of this Chapter 11, his former law partners paid over to the Receiver of the Jefferson Circuit Court in the above-referenced dissolution action, the sum of $54,234.00, which had been generated by cases in which the debtor had had an interest during the term of the partnership. It is this fund which now forms the basis of the present dispute as to priority.

The standard for summary judgment is that the moving party is entitled to summary judgment only if there are no genuine issues of material fact to be decided at trial. Fed.R.Civ.P. 56; Bankruptcy Rules 7056. The burden of showing the absence of a genuine issue of material fact is on the moving party. *Weinberger v. Hynson,* 412 U.S. 609, 622, 93 S.Ct. 2469, 2479, 37 L.Ed.2d 207 (1973). In making a determination as to whether this burden has been met, all inferences drawn from underlying facts contained in materials submitted to the Court must be viewed in the light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.,* 303 F.2d 425, 427 (6th Cir. 1962).

The plaintiffs' Complaint alleges that by virtue of its assignments, these funds are not property of the debtor's estate. Section 541 provides that property of the estate includes all legal or equitable interest of the debtor in property as of the commencement of the case. The banks' assignment covered "money due or about to become due or due in the future". Clearly, the debtor has an equitable interest in this fund, even if no property transfer occurred by the assignment as to the future claims.

We will consider first the Motion for Summary Judgment by the IRS. The IRS asserts that its Federal tax liens are entitled to priority over the banks' claim and that of Ms. Majors.

In reviewing the chronology of competing interests, it appears that Suzanne Major's claim based on her circuit court judgments arose in time prior to any of the other competing interests. Ms. Major cites K.R.S. 205.792 in support of her position that she is entitled to priority as to this fund. That statute deals with wage assignments made on petition of the Commonwealth in public assistance cases. There has been no assertion that public assistance has been paid in this case, and accordingly, that statute is not applicable. Ms. Major also argues that as an officer of the Internal Revenue Service allegedly knew of Ms. Major's judgment, the United States cannot now claim priority over her

for her failure to perfect her claim. We find no proof in the record in support of this allegation.

■ As stated by the IRS, the correct issue is whether a hypothetical judgment lien creditor, without knowledge, would take priority over a state law lien. *Dragstrem v. Obermeyer,* 549 F.2d 20, 25–26 (7th Cir.1977); *Borg Warner Acceptance v. First National Bank,* 577 S.W.2d 29 (Ky. App.1979). Ms. Major argues that her lien was choate even though she had not served her attachment. In order for a state lien to be choate, "it must be specific and perfected, that is when nothing further needs to be done to make it enforceable or when the identity of the lienor, the property subject to the lien, and the amount of the lien are established." *In re Ike Martin Co., Inc.,* 49 B.R. 13 (Bkrtcy.D.Kan.1985).

■ In this case, Suzanne Major has not perfected her claim as required by state law. *W.E. Stephens Manufacturing Co. v. Miller,* 429 S.W.2d 384, 386 (Ky.App. 1968). The property subject to her claim has not been established, and her claim could be primed by a perfected state law judgment. *Ike Martin, supra,* supports the position that Ms. Major's claim is inchoate, and that the federal tax liens must prevail over it.

■ As between the claim of the I.R.S. and that of the banks, the IRS lien is prior in time, its liens being filed in 1981, and the banks' assignments being executed in 1983. The banks argue that their lien became choate in 1978, at the time that the debtor commenced legal services for the clients which generated the fees later assigned to the banks. We find this argument to be without merit. The debtor may have had a lien for his services as an attorney in 1978; however, any such lien was an inchoate lien in 1978. *Brooks v. United States,* 271 F.Supp. 671 (E.D.Ky.1967). Nor could an unrecorded attorney's lien take priority over a recorded tax lien asserted by the United States. *Brooks v. U.S., supra,* at 674. Accordingly, the federal tax liens attached before the purported assignments

and have priority over them under the "first in time is first in right" rule. *In re Ike Martin Co., Inc., supra* at 15.

■ Lastly, we address the debtor's argument that *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 103 S.Ct. 2309, 76 L.Ed.2d 515 (1983) is dispositive of the issue of entitlement of the money as between the IRS and the debtor. The debtor also asserts that the funds are needed for his reorganization. However, we do not find the IRS claim of a lien interest in the funds at conflict with debtor's assertion that they are property of the estate. The IRS is asserting that it is a secured creditor by virtue of its tax liens, and further that its liens have priority.

We find *Whiting Pools, supra,* to be inapposite to this case. *Whiting Pools* did not involve any question of the validity or priority of a federal tax lien. Rather, it involved the issue of whether a pre-petition seizure of tangible personal property pursuant to a notice of levy was, by itself, sufficient to transfer title of the seized property to the United States. *Whiting Pools, supra,* 462 U.S. 198, 200, 209–11, 103 S.Ct. 2309, 2311, 2315–17. The Court in *Whiting Pools* explicitly recognized that the federal tax lien gave the United States the status of a secured creditor. *Id.,* 462 U.S. at 211, 103 S.Ct. at 2316–17.

■ The debtor raises the issue of whether in fact the IRS has a perfected lien pursuant to Section 6323 of the Internal Revenue Code. The debtor claims that the federal tax lien was recorded at the wrong location. The tax liens were filed in Louisville, Jefferson County, Kentucky. The debtor asserts that he was not a resident of Louisville between September, 1980 and January, 1983, but resided in Tennessee during that time. An affidavit by the Revenue Officer in charge of the debtor's case states that the debtor told him, in the Fall of 1981, that he was only temporarily residing in Nashville; further, that the delinquent assessments should not be transferred to the Nashville District in that he would be shortly returning to Louisville.

Section 6323(f) provides that in the case of personal property, it is deemed to be situated at the residence of the taxpayer at the time the notice of lien is filed. The debtor's residence on January 22, 1981 and August 26, 1981 (the dates of filing the tax liens) is a material question of fact to be determined and precludes the granting of summary judgment in favor of the IRS. *Corwin Consult., Inc. v. Interpublic Group of Cos., Inc.,* 512 F.2d 605, 609 (2d Cir.1975).

The above constitutes Findings of Fact and Conclusions of Law pursuant to Rules of Bankruptcy Procedure 7052. A separate order will be entered this date setting this case for an evidentiary hearing on the factual issue of the debtor's residence at the time of filing the tax liens.